**James H. MOORE, Appellant,**

v.

**Milton A. BUCK, Assistant Prosecutor of Essex County Superior Court at New Jersey.**

No. 19294.

United States Court of Appeals, Third Circuit.

Submitted on Briefs May 3, 1971.

Decided May 12, 1971.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

*Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

———◆———

James H. Moore, pro se.

Milton A. Buck, Essex County Prosecutor, Newark, N. J. (Joseph P. Lordi, Essex County Prosecutor, Joseph A. Fusco, Asst. Prosecutor, Newark, N. J., on the brief), for appellee.

Before KALODNER, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

 This appeal from an order dismissing a complaint under the Civil Rights Act, 42 U.S.C. § 1983, against an assistant state prosecutor presents the question of official immunity. A public prosecutor is immune from liability under the Act except where the alleged wrongful conduct is "clearly outside their jurisdiction," Bauers v. Heisel, 361 F.2d 581, 590 (3 Cir. 1966), cert. denied 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967).

■ A generous reading of appellant's pro se pleading, couched largely in conclusory language,[1] suggests that appellant presses a deprivation of the Sixth Amendment right to speedy trial because his prosecution was delayed beyond the statutory 180-day period provided in the Interstate Agreement on Detainers, N.J.Stat.Anno. 2A:159A–3, and a deprivation of due process based on an improper detainer lodged by the State of New Jersey with New York authorities at a time when appellant, although there in custody, had not "entered upon a term of imprisonment" as provided in the Interstate Agreement. But there was no allegation that the role of appellee was not limited to processing the detainer and prosecuting the appellant. Accordingly, we find that the prosecutor's conduct was not beyond the scope of his jurisdiction so as to divest the cloak of official immunity. Bauers v. Heisel, *supra*; Kauffman v. Moss, 420 F.2d 1270 (3 Cir. 1970).

The caption of these proceedings will be amended to delete "United States of America ex rel." and the judgment of the district court will be affirmed.

---

1. Negrich v. Hohn, 379 F.2d 213, 215 (3 Cir. 1966), requiring a Civil Rights Act complaint to state facts in support of its conclusion, holds that a complaint is insufficient when averments "are broad and conclusory." See also Fletcher v. Hook, 446 F.2d 14 (3 Cir. 1971).