Phyllis Eileen AMES et al., Plaintiffs,

v.

Edward C. VAVRECK, Esq., Individually and as Assistant City Attorney of the City of Minneapolis, et al., Defendants.

No. 4–71 Civ. 269.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 23, 1973.

William I. Kampf and John C. Thomas, St. Paul Minn., Duane W. Krohnke, Minneapolis, Minn., for plaintiffs.

Keith M. Stidd, Minneapolis City Atty. by Raymond H. Hegna, Asst. City Atty., for defendants.

NEVILLE, District Judge.

This case arose from the prosecution of approximately 20 plaintiffs following their arrests by Minneapolis City Police on the evening of May 9, 1970 at or near the private residence of plaintiff Lykken. The impetus for the arrests apparently was provided by a handbill distributed on the University of Minnesota campus which advertised a gathering at the Lykken home in Minneapolis to protest the construction of the Anti-Ballistic Missile system in North Dakota. The handbill contained the words "CASH BAR" and was noticed by a member of the Minneapolis Police Department who brought it to the attention of defendant Vavreck, an assistant city attorney for the City of Minneapolis. The police apparently were concerned about the possibility of liquor being sold without a license. Vavreck is said to have advised the police that the handbill would not provide the probable cause prerequisite to obtaining a search warrant for the Lykken residence. As an alternative to obtaining a search warrant, an undercover police officer entered the Lykken house for observation purposes. After having allegedly observed an unauthor-ized sale of liquor, defendant police officers Haertel and Searles notified defendant Tidgwell, who with a detachment of other police officers, entered the Lykken resident and arrested Lykken on charges of operating a disorderly house and selling liquor without a license in violation of Minneapolis City Ordinances 870.140 and 851.010. The other plaintiffs in this case also were arrested for participation at a disorderly house in violation of Minneapolis City Ordinance 870.140. The entire Lykken house was searched without warrant and numerous documents were seized. Plaintiffs were then taken to jail, searched, booked, fingerprinted and finally released after several hours in custody. Ultimately all criminal charges against all the plaintiffs here were terminated in Minneapolis Municipal Court with no convictions.

Plaintiffs have instituted suit here with jurisdiction premised on 28 U.S.C. § 1343(3) and venue based on 28 U.S.C. § 1391(b). They allege that the city prosecutor and defendant police officers jointly and separately acted outside the scope of their official capacities and wilfully and knowingly acted with specific intent to deprive plaintiffs of rights secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendment—freedom of speech, freedom of peaceable assembly and association, freedom from illegal search and seizure and unlawful arrest and freedom from illegal detention, physical abuse and intimidation. It is therefore urged that defendants' conduct has given rise to causes of action under 42 U.S.C. § 1983 [1] and 42 U.S.C. § 1985(3).[2] Plaintiffs concede in briefs

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws

that their allegations do not state a claim under 42 U.S.C. § 1981 or 18 U.S.C. § 245 as originally claimed in the complaint. Defendants have answered denying that plaintiffs have stated a claim for which relief can be granted and alleging that the searches, arrests and prosecutions were carried out in good faith and for probable cause; that defendant Vavreck is immune from liability because of his official capacity as a prosecutor; that defendants Prentice and Lutz are immune from liability due to their supervisory capacity in the police department; and that the legality of the arrest of plaintiff Lykken, apparently the only defendant who stood trial, is *res judicata* in this case because of rulings in Minneapolis Municipal Court on the ordinance violation charges.[3]

■ Previous orders have been entered by this court allowing amendment of the complaint to include additional defendants (June 2, 1972) and partially quashing a subpoena for the production of documents (July 18, 1972), affirmed (8th Cir. Dec. 26, 1972). The case is presently before the court on defendants' motion for dismissal or for summary judgment. Summary judgment can be granted only if there are no questions of fact to be determined. Rule 56 Fed.R.Civ.P. Additionally, the Eighth Circuit cautions that such relief is a harsh remedy and should be granted only very sparingly. *See, e. g.,* Passwaters v. General Motors Corp., 454 F.2d 1270 (8th Cir. 1972). Likewise a complaint should not be dismissed at this juncture in the proceedings unless all of plaintiffs' allegations under any construction fail to state a claim for which relief can be granted. Lucarell v. Mc-

Nair, 453 F.2d 836 (6th Cir. 1972); Madison v. Purdy, 410 F.2d 99 (5th Cir. 1969); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962); 2 Moore's Fed.Prac. (2d ed. ¶ 8.13 at 1653).

The issues presented are 1) whether any defendants are immune from prosecution because of their official status, 2) whether plaintiffs' allegations fail to state a claim for which relief can be granted under 42 U.S.C. § 1983 or 42 U.S.C. § 1985, 3) whether the municipal court rulings have *res judicata* effect as to plaintiff Lykken's claims and 4) whether the statute of limitations precludes the addition of defendants to those originally named.

*Immunity*

(a) Of the Prosecutor

■ The question of whether a prosecutor will be held liable for damages for his acts depends on whether his conduct falls within the scope of his jurisdiction. Moore v. Buck, 443 F.2d 25 (3d Cir. 1971); Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966); Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955). *See* Bethea v. Reid, 445 F.2d 1163 (3d Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1972); Arensman v. Brown, 430 F.2d 190 (7th Cir. 1970); Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970), cert. denied 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Marlowe v. Coakley, 404 F.2d 70 (9th Cir.), cert. denied, 395 U.S. 947, 89 S.Ct. 2017, 23 L.Ed.2d 465 (1969); Savage v. United States, 322 F.Supp. 33 (D.Minn.1971), aff'd 450 F.2d 449 (8th Cir. 1971), cert. denied 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585, reh. denied 406 U.S. 951, 92 S.Ct. 2048, 32 L.

. . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned

by such injury or deprivation, against any one or more of the conspirators."

3. The record does not disclose that any other plaintiffs went to trial on the Municipal Court charges, but obviously if no conviction was obtained against the owner for keeping a disorderly house and selling intoxicants without a license, those charged merely with being present therein could not well be prosecuted.

Ed.2d 339 (1972); Balistrieri v. Warren, 314 F.Supp. 824 (W.D.Wis.1970). The issue before the court is not whether prosecutors are immune without reservation from any suit under Section 1983 but whether defendant Vavreck in this case acted outside the scope of his jurisdiction and therefore is not protected by the shield of immunity. Although the burden will be on plaintiffs to prove their allegations at trial, at this stage in the proceedings it cannot be determined that this case is the same as those where disgruntled former criminal defendants have been precluded from bringing actions against prosecutors who have merely failed to obtain convictions. To determine that question now would require a ruling on the ultimate factual questions discussed below which would be impermissible. *See, e. g.,* Guedry v. Ford, 431 F.2d 660 (5th Cir. 1970); Kauffman v. Moss, *supra*; Marlowe v. Coakley, *supra; Cf.* Hilliard v. Williams, 465 F.2d 1212 (6th Cir. 1972).

In the first amended complaint plaintiffs allege that defendant Vavreck conspired with police officers and acted individually to deprive plaintiffs of Constitutionally secured rights. It is alleged that defendants planned a warrantless raid on the Lykken home on May 7, 1970 and that on May 8 at least one defendant police officer consulted with defendant Vavreck in regard to the method to be employed to advance the conspiracy. The complaint can be construed as to allege at least that defendant Vavreck directed the police activity in which he did not participate personally and therefore a question of fact is presented.

 Although a prosecutor is immune from suit for actions taken within the scope of his official capacity as prosecutor, he will be held liable for civil damages if his actions are of a police/investigative or other similar nature and deprive plaintiffs of Constitutional rights. Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Lewis v. Brautigam, 227 F.2d 124 (5th Cir.

1955); Balistrieri v. Warren, 314 F. Supp. 824 (W.D.Wis.1970); Peterson v. Stanczak, 48 F.R.D. 426 (N.D.Ill.1969). A like result obtains where a prosecutor has directed police activity of a type which is not Constitutionally permissible. Donovan v. Reinbold, 433 F.2d 738 (9th Cir. 1970); Madison v. Purdy, 410 F.2d 299 (5th Cir. 1969), appeal on remand Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971). *See also* McCray v. State of Maryland, 456 F.2d 1 (4th Cir. 1972); Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970). It is alleged that defendant Vavreck participated in and directed the investigation of the gathering at the Lykken residence prior to the arrests and prosecutions and that his activities were conducted under color of state law to deprive plaintiffs of their Constitutional rights. It therefore appears that plaintiffs have alleged sufficient facts which, if proved, would result in liability. Questions of fact cannot be disposed of on motion. Passwaters v. General Motors Corp., 454 F.2d 1270 (8th Cir. 1972). Additionally, "on motion to dismiss, it cannot be held that [the prosecutor's] acts were either within the scope of his jurisdiction . . . or were authorized by law." Robichaud v. Ronan, 351 F.2d 537.

 In the Eighth Circuit prosecutors who act outside the scope of their jurisdiction still have available the defense of good faith and reasonable probable cause. Wilhelm v. Turner, 431 F.2d 177 (8th Cir. 1970), cert. denied 401 U. S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971). However applicable, the defense itself raises questions of fact which may not be determined without hearing evidence. Therefore defendant Vavreck's motions for dismissal or for summary judgment on the basis of prosecutorial immunity must be denied.

*Immunity*

(b) Of supervisory police personnel

The first amended complaint also alleges that defendant police officers apparently including Prentice and Lutz conspired with Vavreck to deprive plain-

tiffs of their Constitutional rights. It alleges that a warrantless and unlawful search of the Lykken home was planned in concert by defendants and carried out in conjunction with the unlawful seizure of plaintiff Lykken's personal effects and that the raid was commenced at the direction of defendant Prentice. Additional allegations are that unlawful detention, coercion, intimidation and personal searches of plaintiffs were suffered at the hands of defendant police officers. Defendant Lutz' name does not appear in the complaint at all except in the caption. Although defendant Prentice is alleged to have given direct personal instruction to the police officers who actually effected the arrests, searches and seizures, it is conceded that neither Prentice nor Lutz was in the city of Minneapolis on the night that plaintiffs were arrested. Clearly the other individual officers were involved in the activity which gives rise to this suit.

■■■ It is well settled that police officers have no immunity to suits under 42 U.S.C. §§ 1983 and 1985 by reason of their official status. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). However, it is equally well established that police officers have a defense to liability in this type of case if it can be established that they acted with objective probable cause and with subjective good faith. E. g., Pierson v. Ray, supra; Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971); Richardson v. Snow, 340 F.Supp. 1261 (D.Md. 1972); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969). Because of the factual nature of defendant police officers' defense neither dismissal nor summary judgment can be granted.

*Claimed Failure to State a Cause of Action*

(a) Respondeat Superior doctrine

■■■ Plaintiffs contend that defendants Lutz and Prentice are liable for damages on the theory of *respondeat superior* regardless of their personal in-

volvement. Reliance on that argument is misplaced. Although the appellate courts have not addressed the issue squarely, there is little room for doubt that the theory of *respondeat superior* is unavailable to support plaintiffs' case. See Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971), modified 456 F.2d 835 (5th Cir. 1972); Dunham v. Crosby, 435 F.2d 1177 (1st Cir. 1970). There also have been several rulings adverse to that theory in the district courts which would likely have caused cases to go to the circuit courts with regularity if that argument was persuasive. Jennings v. Davis, 339 F.Supp. 919 (W.D.Mo.1972); Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971); Bennett v. Gravelle, 323 F.Supp. 203 (D.Md.1971), aff'd 451 F.2d 1011, cert. denied, 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1969); Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969); Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky. 1968); Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo.1963).

The court is also aware of Hill v. Toll, 320 F.Supp. 185 (E.D.Pa.1970), wherein defendant bonding company was held liable for the actions of its agents in a Section 1983 suit on the theory of *respondeat superior*. However, that case is qualitatively different from the one at hand. The court is not required here to embrace or disapprove of that rule. It is enough to distinguish that case to note that the instant case concerns the organization and supervision of police forces, not the various activities of a private corporation. Yet if any conflict were perceived, this court would decline to follow the *Hill* rule in favor of the action taken by the majority of districts on two grounds. First, the statute emphasizes *personal* involvement and activity. Plaintiffs' bootstrap argument regarding "the background of tort liability" which relies on language from Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) is of no merit; the rest of the sentence to which plaintiffs

refer states that tort liability "makes a man responsible for the natural consequences of *his* actions." 365 U.S. 167 at 187, 81 S.Ct. 473 at 484 (emphasis supplied). This court interprets that language to mean that civil rights actions may be brought on negligence principles but not on the basis of *respondeat superior*. Second, it is manifestly unreasonable to expect or require that police supervisory personnel can know of or control the ministerial activities of each patrolman who is charged with a duty to remain calm and exercise good judgment in the face of all manner of exigencies. It is one thing to expect unflinching discharge of duty by supervisory personnel who engage in discretionary functions in the face of liability for improper personal involvement and quite another to expect the same high level of competence in the face of liability for the acts of subordinates who may not have even followed orders. Therefore defendants Prentice and Lutz will be found harmless on that theory.

*Claimed Failure to State A Cause of Action*

(b) Administrative Negligence

■ Plaintiffs do properly contend that a cause of action may be maintained against supervisory personnel on the basis of administrative negligence. Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972) (dictum); Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972), cert. denied 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed. 2d 110 (1972); Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), rev'd on other grounds, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). *See also* Huey v. Barloga, 277 F.Supp. 864 (N.D.Ill.1967) (dictum that negligence alone will support a claim under Section 1983).

■ In the instant case there are no allegations of negligence in the complaint at all; there are no factual allegations which would create liability for defendants Lutz and Prentice on a theory of negligence. Certainly plaintiffs do not now propose that the allegedly willful conduct of the arresting officers is suddenly negligent instead. Therefore the question of liability of ministerial officers based on negligence is an issue upon which the court need not opine. In their briefs plaintiffs have correctly argued that negligence is a proper basis on which to state a claim, but they have included nothing in their complaint on which to base any such finding. Therefore the negligence theory is useless to plaintiffs' cause.

*Claimed Failure to State a Cause of Action*

(c) Pleading

■ It seems clear that defendant Lutz also escapes liability on a theory which relies on his direct involvement. Although his name appears on the complaint as part of the caption of the case, there is no further mention of his name or of any activity which could be conceivably attributed to him which would create liability in light of plaintiffs' concession in briefs that Lutz was not in Minneapolis during the time in question.

*Claimed Failure to State a Cause of Action*

(d) Other grounds

■ To state a cause of action under 42 U.S.C. § 1983 there must be an allegation of 1) action taken under color of state law and 2) a resulting deprivation of rights, privileges or immunities secured by the Constitution or by federal law. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971); Hill v. Toll, 320 F.Supp. 185 (E.D.Pa.1970); Balistrieri v. Warren, 314 F.Supp. 824 (W. D.Wis.1970). The first requirement is plainly met in this case by the undenied allegations of individual police officer involvement. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Minnesota Public Interest Research

Group v. Johnson, No. 4–72 Civ. 255 (D.Minn. Aug. 25, 1972); Raab v. Patacchia, 232 F.Supp. 71 (S.D.Cal.1964). The second test is also met here by plaintiffs' allegations of unlawful searches, seizure and arrests and denial of freedom of speech, peaceable assembly and association and the denial of the right to petition the government for redress in addition to other sundry contentions of violations of the First, Fourth, Fifth, Ninth and Fourteenth Amendments. An alleged unlawful search and seizure would be sufficient Monroe v. Pape, *supra*. The facts alleged to support this Section 1983 claim include the arrest, search and detention of plaintiffs by defendant police officers. A conspiracy by all defendants to deprive plaintiffs of the above listed rights is alleged and is also based on the same overt acts. Although not a prerequisite, a properly pleaded conspiracy will support a claim under Section 1983. Mizell v. North Broward Hospital Dist., 427 F.2d 468 (5th Cir. 1970); Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966); Nesmith v. Alford, 318 F.2d 110 (5th Cir. 1963), cert. denied 375 U.S. 975, 84 S.Ct. 489, 11 L.Ed.2d 420 (1964); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). The court finds plaintiffs' allegations sufficient to raise questions of fact which preclude dismissing the complaint in regard to Section 1983 on motion.

■■■ To maintain an action under Section 1985 plaintiffs must allege 1) a conspiracy or travel on the highway in disguise or encroachment on the premises of another, 2) for the purpose of depriving a person or a class of persons equal protections and immunities secured by the Constitution. 3) Defendants must do or cause to be done an act furthering the conspiracy, 4) which injures a person or property *or,* 5) deprives a person of any right or privilege secured to a citizen of the United States. Griffin v. Breckinridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). If there exists an intent to discriminate between persons or classes of persons, there is no requirement that the intent also be directed toward deprivation of Constitutional rights. Action v. Gannon, 450 F.2d 1227 (8th Cir. 1971). In this case plaintiffs have alleged that defendants conspired with intent to deprive plaintiffs of Constitutional rights and have named Prentice's conferences with others, as well as the arrest, search and detention of the plaintiffs as the overt acts in furtherance of the conspiracy. Plaintiffs claim to be injured individually in the amount of $11,000 and allege actual deprivation of the previously discussed Constitutional rights due to defendants conduct. These allegations are sufficient to state a claim under Section 1985 because the complaint need only raise questions of fact. Gillibeau v. City of Richmond, 417 F.2d 426 (9th Cir. 1969). Plaintiffs have pleaded a cause of action under both Section 1983 and Section 1985.

Defendants claim that the arrests and searches were lawful because of application of the "police team rule" which apparently would operate to legalize an arrest for a misdemeanor not perpetrated in the presence of the arresting officer so long as any one officer was present at the time of the violation. Whatever may be the law in regard to that contention, it is not decisive here. Plaintiffs have alleged that the arrests, searches and detention were illegal for lack of probable cause. If that theory is proved, the validity of the arrests themselves would be vitiated long before the issue arises whether plaintiffs were arrested in a legal manner for which the police team rule might serve as a defense. Raab v. Patacchia, 232 F.Supp. 71 (S.D.Cal.1964). The court need not and may not decide that question now because it is one of fact and it is not in issue.

*Res Judicata*

■■■ Defendants contend that the arrest of plaintiff Lykken for selling liquor without a license and for operating a disorderly house was lawful based on a Minneapolis Municipal Court memorandum. The argued result would be that

the issue is therefore *res judicata* here so as to bar Lykken's claims. The court does not understand defendants to urge that position in regard to the charge against Lykken which was dismissed outright for lack of probable cause to issue a complaint; the logic of such a position would be untenable. *See,* Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970). However, defendants do ask the court to subscribe to their theory on another charge even in the face of an acquittal based on failure to establish a prima facie case at the close of evidence for the prosecution. That contention is not well taken. It is elementary that the doctrine of *res judicata* should not be applied to claims presently before the court unless it is clear that the same questions were brought directly into issue and resolved in a previous litigation involving the same parties or their privies. Williams v. Liberty, 461 F.2d 325 (7th Cir. 1972); Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970), cert. denied 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Bricker v. Sceva Speare Memorial Hosp., 339 F.Supp. 234 (D.N.H. 1972). As the cited cases note, it is probable that constitutional questions were neither reached nor resolved in the usual course of Municipal court proceedings. Of course, it cannot be known as a matter of certainty because those proceedings have not been entered into the record here. In fact, the lack of any record of previous proceedings was alone enough to deny application of the doctrine in *Williams, supra.* An explanation of that result comes from the *Kauffman* court which properly cautions that any doubt should be resolved against estoppel.

In addition, the Ninth Circuit Court of Appeals in Ney v. California, 439 F.2d 1285, 1288 (9th Cir. 1971), has stated that:

"... if a successful state prosecution, based upon the use of information obtained by violating the defendant's constitutional rights, could bar a civil rights action against the police for violating his rights, either by analogy to the law of malicious prosecution or on theories of *res judicata* or estoppel by judgment, the Civil Rights Act would, in many cases, be a dead letter. ..."

Here defendants would have the court apply *res judicata* against the plaintiff on the basis of an acquittal and a dismissal when the plaintiff alleges that the evidence, apparently meagre at that, for those attempted prosecutions was obtained by unlawful search and seizure. For all the reasons discussed above, the doctrine of *res judicata* will not be applied to any of the present claims.

*Statute of Limitations*

Plaintiffs argument that fraudulent concealment by defendants has tolled the running of the statute of limitations is of no merit. That doctrine cannot be applied against the defendants added by the first amended complaint because there are no allegations that those defendants engaged in any conduct to conceal plaintiffs' claim against them. Plaintiffs would have the court apply fraudulent concealment principles to them based on alleged activities of the original defendants. Even though a conspiracy is alleged to have existed, that allegation alone will not allow the inference of fraudulent concealment to be drawn in this case. Baker v. F. & F. Investment Co., 420 F.2d 1191 (7th Cir.), cert. denied 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970).

Individual officers of the Minneapolis police force were not brought into the case by plaintiffs' first amended complaint until after the two-year statute of limitations had run. *See* Savage v. United States, 322 F.Supp. 33 (D.Minn.), aff'd 450 F.2d 449 (8th Cir. 1971), cert. denied 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585, reh. denied, 406 U.S. 951, 92 S.Ct. 2048, 32 L.Ed.2d 339 (1972); Morey v. Independent School District, 429 F.2d 428 (8th Cir. 1970), adopting opinion at 312 F.Supp. 1257 (D.Minn.1969). It is now contended that those defendants have a complete defense to all of plaintiffs' claims.

However, plaintiffs properly urge the application of the "relation back" provision of Rule 15(c) of the Federal Rules of Civil Procedure.[4]

In opposition defendants cite cases where additional defendants totally unrelated to the original defendants were held harmless from plaintiffs' claims; those cases are inapposite here.

 The requirements which must be met to allow an amended complaint to relate back to the time of the original emphasize 1) that claims against additional defendants must arise from the same transaction, conduct, or occurrence as the original, 2) that additional defendants will not be prejudiced in their defense by the passage of time and, 3) that such notice was provided to the additional defendants within the statute of limitations that they knew or should have known that but for a mistake in identity or a misnomer the action would have been brought against them. Craig v. United States, 413 F.2d 854 (9th Cir. 1969), cert. denied 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). Graves v. General Ins. Corp., 412 F.2d 583 (10th Cir. 1969); Williams v. United States, 405 F.2d 234 (5th Cir. 1968). In the instant case, "John Doe" defendants in the original complaint were described as members of the Minneapolis Police Department; there is evidence from affidavit, although contradicted, that plaintiffs attorney gave oral notice to defendants' attorney prior to the running of the statute of intent to add the as yet unidentified officers as defendants.

 Apparently all but three of the additional defendants were subpoenaed and deposed prior to the running of the statute. Prior to the running of the statute, notice of the motion and the motion to amend were served on defendants' attorney. Especially significant is the fact that the attorney for the original defendants is an Assistant City Attorney for the City of Minneapolis who has represented *all* the defendants from the institution of the action until the present time. He represented the police department in general and the individual additional defendants in specific at their depositions before the running of the statute. Thus there existed a situation where a city attorney represented the original defendants on the police force and where the original complaint contained a clearly expressed intent to add individual police officers as defendants as soon as they could be identified. Under those circumstances it is inconceivable that the additional defendants have been prejudiced in their defense or that they had no reason to believe that suit might be brought against them. It is not contested that the facts giving rise to a claim against them are different from those in the original complaint. Therefore plaintiffs first amended complaint must be allowed to relate back to the original such that their claims are not barred by the statute of limitations.

For the reasons set forth above, the complaint against defendant Lutz must be dismissed and the remaining claims against all other defendants must be tested by further proceedings.

---

4. "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . . ."