**Kevin J. KELLER, Plaintiff,**

v.

**Michael E. HILGENDORF et al., Defendants.**

**No. 78–C–392.**

United States District Court, E. D. Wisconsin.

Sept. 18, 1978.

---

Shellow & Shellow, Stephen M. Glynn, Madison, Wis., for plaintiff.

Richard B. McConnell, Waukesha, Wis., for Hilgendorf.

Charne, Glassner, Tehan, Clancy & Taitelman by Irvin B. Charne, William E. McCarty, and Karen E. Christensen, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This case is before me on the motion of the defendant, Jerome Johnson, to dismiss the claims against him.

In August, 1976, the plaintiff was arrested by agents of the tri-county investigative unit, an organization composed of law enforcement officers from three counties in northern Wisconsin. The plaintiff was charged with selling cocaine, and the criminal case against him is presently pending in state court.

The instant action was commenced on August 4, 1978, when the plaintiff filed a complaint alleging violations of his constitutional rights by Jerome Johnson, a Green Lake County deputy sheriff, and two other defendants. The complaint alleged a conspiracy, subsequently executed, to burglarize the plaintiff's home while he was in court defending against the charges in the state criminal case against him. The complaint further alleged that the purpose of the burglary was to "illegally obtain . . . evidence to be used against plaintiff in his [state criminal] trial . . . for the purposes of impeding, hindering, obstructing and defeating the due course of justice in the State of Wisconsin, . . ."

Subsequent to the filing of this action, the defendant Johnson requested and received an extension of time to answer until after he had an opportunity to depose the plaintiff. At his deposition, the plaintiff asserted his Fifth Amendment privilege against self-incrimination in response to questions regarding the source of money taken by the defendants in the alleged burglary, the source of the plaintiff's support prior to the burglary, and the plaintiff's alleged dealing in controlled substances. The basis for the defendant's motion to dismiss is the plaintiff's refusal to answer questions in the areas mentioned above.

■ A claim for damages which resulted from an unconstitutional search and seizure falls squarely within the cause of action provided by 42 U.S.C. § 1983. *Covington v. Cole*, 528 F.2d 1365 (5th Cir.), rehearing denied, 533 F.2d 1135 (1976); *Ames v. Vavreck*, 356 F.Supp. 931 (D.Minn.1973). Such actions, when brought while a criminal action is pending against the civil plaintiff, present an inherent difficulty: discovery in the civil case is likely to involve matter pertinent to the pending criminal action.

The dismissal of a § 1983 action as a penalty for the civil plaintiff's failure to answer questions during discovery would substantially undermine § 1983 as a means for vindicating Fourth Amendment rights. At the same time, fundamental fairness requires that a civil defendant be given access to information that may be used against him during a civil trial. These competing concerns must be reconciled by balancing the Fourth and Fifth Amendment rights of the plaintiff against the rights of the defendant to a fair trial. Thus, the relevant inquiry in the case at bar is the degree to which the questions which the plaintiff refuses to answer on Fifth Amendment grounds are central to the claims against Mr. Johnson.

In the case at bar, I do not believe that any of Mr. Johnson's questions that the plaintiff has refused to answer are truly relevant to the claims in the plaintiff's complaint. The plaintiff has refused to testify as to the source of the money allegedly taken from him. The defendant Johnson argues that the source of such money is germane to the issue of the money's ownership which, in turn, is relevant to the question whether the plaintiff is entitled to have the money returned to him and also to the question of the plaintiff's actual damages.

I believe that the defendant Johnson has misconstrued the cause of action against him. The injury claimed by the plaintiff is not loss of money or other property; if such were the plaintiff's claim, then the plaintiff's ownership of such property would be significant. Rather, the injury complained of by the plaintiff is the loss of his right to a fair trial stemming from an alleged unconstitutional search and seizure. As to this injury and the measure of damages stemming from it, the issue of ownership and the questions to which the plaintiff has refused to respond are of limited or no relevance. *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Whether the plaintiff derived money from illegal dealing of drugs is not germane to his claims against the defendant Johnson.

Therefore, I am persuaded that the defendant Johnson has not been prejudiced by the plaintiff's refusal to answer several of the questions asked of him at his deposition.

Therefore, IT IS ORDERED that the motion of the defendant, Jerome Johnson, to dismiss this action against him be and hereby is denied.