**Robin WATKINS and Gerry Azus, Plaintiffs,**

**v.**

**James KANE, Jane Doe and John Doe I–II, individually and as officers of the Port Authority Police Department and The Port Authority of New York and New Jersey, Defendants.**

**No. 80 Civ. 7092 (KTD).**

United States District Court,
S.D. New York.

Aug. 13, 1981.

Clark Wulf & Levine, New York City, for plaintiffs; Kathleen Peratis, New York City, of counsel.

Patrick J. Falvey, New York City, for defendants James Kane and the Port Authority; James P. DeFranco, Jr., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs in this action originally pleaded that they were subjected to false imprisonment, assault and battery and illegal strip searches by the defendants. Plaintiffs now move for leave to file an amended complaint. They wish to include a prayer for injunctive relief, delete one claim and add two defendants. Plaintiffs' motion is granted in part and denied in part.

Plaintiffs first seek to amend the complaint to include an allegation that the strip searches were conducted pursuant to official Port Authority policy and to pray for injunctive relief against the future application of this policy. Plaintiffs contend that they learned of this policy during the course of discovery.

The court may permit amendments to the pleadings where the amended pleading is sought after twenty days from the date of service. Fed.R.Civ.P. 15(a). Leave to amend should be freely given when justice so requires. *Id.* In this case, the claim that illegal strip searches are part of Port Authority policy is closely related to the original allegations that plaintiffs were subjected to such searches. Thus, it does not appear, and defendants do not argue, that they would be unduly prejudiced by the amendment. Moreover, it is likely that only through discovery could plaintiffs learn that the search to which they were subjected was part of an ongoing practice. It cannot be said, therefore, that the proposed amendment was unduly delayed or was not offered in good faith. Finally, the defendants present no reasons for their objection to the prayed for amendment. Accordingly, plaintiffs may amend their complaint to add the allegation that the strip searches were conducted pursuant to Port Authority policy and to seek injunctive relief against further application of this policy.

Plaintiffs also alleged in their original complaint that their arrest was illegal and unconstitutional. Plaintiffs have abandoned this claim and wish to delete it from their complaint. This request is also granted.

Plaintiffs' final request concerns adding two additional defendants. During the course of discovery, plaintiffs allegedly learned that not only one unidentified woman (Jane Doe) participated in the strip search, but that two other male Port Authority Police Officers authorized the search. Thus, the amended complaint seeks to add two John Doe defendants.

The defendants oppose the plaintiffs' motion seeking the addition of the two defendants on the grounds that the Statute of Limitations with respect to filing charges of false imprisonment, assault and battery expired July 22, 1981. Fed.R.Civ.P. 15(c), however, provides for amending the pleadings to add a new party after the limitations period has expired. This rule will apply if the party brought in by amendment (i) received adequate notice of the institution of the action and (ii) knew or should have known that, but for a mistake concerning the proper party's identity, the action would have been brought against him. If the amendment fits these criteria and is permitted by the court, then the amended complaint will "relate back" to the date the original complaint was filed. Defendants in this case argue that there has been no showing that the proposed defendants received notice of the action as required by Fed.R.Civ.P. 15(c). I agree.

The requirement under Rule 15(c) that the proposed additional defendants have notice of the suit is critical. Its purpose is to insure that the new defendants will not be prejudiced in their defense. In this case, there is no evidence that these John Doe defendants have received any notice of the institution of this law suit. *Compare Ames v. Vavreck*, 356 F.Supp. 931 (D.Minn.1973). Thus, the proposed defendants cannot be added under Rule 15(c). Accordingly, the plaintiffs' motion for leave to file an amended complaint to add two John Doe defendants is denied.

In sum, the plaintiffs' motion for leave to file an amended complaint is granted in part and denied in part.

SO ORDERED.