Linda L. SIMPSON, Plaintiff,

v.

The CITY OF MAPLE HEIGHTS, et al., Defendants.

No. C85–2491.

United States District Court, N.D. Ohio, E.D.

Oct. 20, 1988.

See also 720 F.Supp. 1306.

Michael B. Michelson, Neal E. Shapero, Gaines & Stern, Cleveland, Ohio, for plaintiff.

Timothy T. Reid, Reid & Berry, Cleveland, Ohio, for defendants.

## ORDER

BATTISTI, Chief Judge.

Defendant, Arlene Grossmyer, has filed a motion for summary judgment arguing that Plaintiff's claims against her are barred by the statute of limitations. The alleged incident upon which this § 1983 action is based occurred on September 1, 1984. The Plaintiff's original Complaint was filed on August 28, 1985. At that time, Plaintiff was unaware of the identity of the female police officer who conducted the alleged strip search. Thus, Plaintiff included "Other Unknown Police Officers" among the defendants in her original Complaint. On November 9, 1987, Plaintiff filed an Amended Complaint substituting Arlene Grossmyer as a Defendant. There is a one-year statute of limitations which applies to this action. *Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985).

Disposition of this motion turns on whether the Amended Complaint substituting Arlene Grossmyer as a Defendant may relate back in time to the filing of the original Complaint under Rule 15(c) of the Federal Rules of Civil Procedure. Under this Rule, an amendment changing the party against whom a claim is asserted relates back if the following requirements are satisfied.

(1) The claim asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth in the original pleading; and

(2) Within the period provided by law for commencing the action against the party to be brought in by amendment, that party must have received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and

(3) Within this same period, the party must have known or should have known but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

There is no dispute that the first requirement has been satisfied. Nor has Defendant Grossmyer argued that she will be prejudiced in maintaining a defense on the merits. Rather, the primary issue raised by this motion is whether Defendant received notice of the filing of this lawsuit and knew or should have known that she was intended to be a party to the action within the time required by Rule 15(c).

Defendant contends that Rule 15(c) should be read rigidly to mean that a substituted party must receive notice of the filing of the action before the running of the statute of limitations. This issue is currently the subject of fervent debate within the federal judiciary. See *Ingram v. Kumar*, 585 F.2d 566 (2nd Cir.1978) and *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403 (6th Cir.1982). Fortunately, it is not a question which must be resolved by this Court at this time.

It is important to note that formal notice is not required in order to trigger the relation back of an amended pleading under Rule 15(c). *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980). The Federal Rules simply require that the substituted party receive such notice that he or she "will not be prejudiced in maintaining a defense on the merits." Fed.R.Civ.P. 15(c). Thus, fair informal notice to a newly identified party is sufficient. *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D.Pa.1975).

Nor is it necessary for this Court to speculate as to the precise moment at which Defendant Grossmyer acquired actual knowledge of this suit. The Defendants and Mr. Grossmyer appear to be the only individuals who could possibly answer this question. Unfortunately, they are suffering from a collective memory loss as to the actual date on which Mrs. Grossmyer learned of the suit. To require the Plaintiff to prove the date on which Defendant Grossmyer received actual notice would be to impose a harsh technical burden contrary to the spirit and purpose of the Federal Rules of Civil Procedure. As the Supreme Court has often admonished:

> The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion. These rules were designed in large part to get away from some of the old proce-

dural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

*Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373, 86 S.Ct. 845, 851, 15 L.Ed.2d 807 (1966).

In order to interpret the meaning of the requirements of Rule 15(c), this Court must consider the purpose for which it was enacted. In *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir.1980), the court reasoned that proof of actual notice is not required under Rule 15(c) by arguing:

Since the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, i.e., to avoid undue surprise, to permit investigation and collection of evidence while it is fresh and other similar concerns.

629 F.2d at 408.

In *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99 (1st Cir.1979), the court observed:

The identity of interests concept ... provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it commenced.

604 F.2d at 102–3.

It is fair to presume from the professional and institutional relationships between the defendants and the language of the original complaint that defendant Grossmyer learned of the institution of this lawsuit shortly after it was filed. Thus, Defendant Grossmyer had constructive notice of this action as of the date on which the original complaint was filed.

The deposition testimony of Defendant Grossmyer and her husband (a Maple Heights police officer) offer further reassurance that this presumption is in fact appropriate. In her second deposition, Defendant Grossmyer agreed that "very shortly after [the other defendants] received the suit," she was called in to discuss the case with Police Chief Dennis Love and the city's attorney. Deposition of Arlene Grossmyer on February 17, 1988, p. 17. Donald Grossmyer testified in his deposition that he was advised by Chief Love of the pending lawsuit when the suit was filed. During this conversation, Chief Love gave Mr. Grossmyer papers to be delivered to Arlene Grossmyer. Mr. Grossmyer also confirmed that a short time later, Arlene Grossmyer met with Chief Love to discuss the suit. Deposition of Donald Grossmyer on January 18, 1988, pp. 33–34.

In *Ames v. Vavreck*, 356 F.Supp. 931 (D.Minn.1973), a case virtually identical to the case at bar, the court reached the same conclusion which this Court is making today. In *Vavreck*, the plaintiff brought a § 1983 action which named several members of the Minneapolis Police Department as "John Doe" defendants. After the statute of limitations had run, the plaintiff attempted to add the individual officers by name as defendants. Holding that the requirements of Rule 15(c) had been satisfied, the court argued:

[T]here existed a situation where a city attorney represented the original defendants on the police force and where the original complaint contained a clearly expressed intent to add individual police officers as defendants as soon as they could be identified. Under those circumstances it is inconceivable that the additional defendants have been prejudiced in their defense or that they had no reason to believe that suit might be brought against them.

*Ames v. Vavreck*, 356 F.Supp. 931, 942 (D.Minn.1973).

Defendant Grossmyer's counsel has attempted to distinguish the *Vavreck* case by pointing out that the city's attorneys in that case had represented the "John Doe" defendants in depositions prior to the running of the statute of limitations. Al-

though this point is well taken, the *Vavreck* court's assessment that it was "inconceivable that the additional defendants have been prejudiced in their defense or that they had no reason to believe that suit might be brought against them," is equally applicable to the case at bar. Although Defendant Grossmyer did not give a deposition prior to the running of the statute of limitations, she was interviewed by the city's attorney "very shortly after they received the suit." Deposition of Arlene Grossmyer on February 17, 1988, p. 17. At that time, the city's attorneys knew that she would be named as a defendant. And since that time, the city's attorneys have represented all of the defendants in this case. Thus, it is clear that the constructive notice which Defendant Grossmyer received as of the date on which the original complaint was filed was such that she will not be prejudiced in maintaining a defense on the merits.

It is also clear from the evidence that Defendant Grossmyer knew or should have known that the original Complaint would have named her as a defendant but for Plaintiff's ignorance as to her identity. The original Complaint named "Other Unknown Police Officers" as defendants in order to preserve Plaintiff's right to sue the other officers involved. Paragraph 10 of the Complaint specifically identified one of these anonymous defendants as the "Other Unknown Police Officer (female)" who conducted the search.

Since each of the requirements of Rule 15(c) have been satisfied, the amendment to Plaintiff's Complaint substituting Arlene Grossmyer as a defendant relates back to the date of the original pleading. Therefore, Defendant Grossmyer's motion for summary judgment is denied.

IT IS SO ORDERED.