Charles HENDERSON, Plaintiff,

v.

Macomb County Sheriff William HACK-EL, [FNU] Ryan, [FNU] France, P. Johnson, [FNU] Farkas, M. Mileski, [FNU] Brewer, [FNU] Sopfe, [FNU] McDowell, [FNU] Oliver, [FNU] Gudenau, [FNU] Sanborn, [FNU] Baker, [FNU] Yaroch, [FNU] Howat, J. Roberts, [FNU] Mason, [FNU] Jackson, [FNU] Bernabei, [FNU] Dilay, [FNU] Wilczynski, [FNU] Flanigan, [FNU] Glass, K. Roberts, B. King, [FNU] Burback, [FNU] Habel, [FNU] Kepsel,

[FNU] Ozog, Sgt. Humes, Cpl. Seiger, Cpl. Bechill, Lt. Kalm, Sgt. Margonsian, Lt. Shunk, Cpl. Goodwin, Sgt. Young, Dave Wilson, John Doe I, II, III, Tyrone Jones, Darrell Jones, and Deral Edwards, individually and in their official capacities, jointly and severally, Defendants.

No. 95 75786.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 11, 1997.

---

Cynthia Heenan, Hugh M. Davis, Constitutional Litigation Assoc., P.C., Detroit, MI, D. Bruce Beaton, Beaton & Beaton, P.C., Marine City, MI, for Plaintiff.

Frank W. Brochert, Plunkett & Cooney, Detroit, MI, for William Hackel.

*OPINION AND ORDER*

FEIKENS, District Judge.

## I. INTRODUCTION

This matter is before this court on plaintiff's Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15. Through his motion, plaintiff seeks to substitute named defendants for defendants that plaintiff previously identified as "John Doe," numbers I–VIII. In addition, plaintiff's motion attempts to add an additional count to the complaint that would hold the defendants liable for allegedly retaliating against plaintiff because plaintiff exercised his First Amendment rights. For the reasons set forth below, I grant the plaintiff's motion to amend insofar as it seeks to add the named defendants in place of the unspecified John Doe(s) I–VIII. I will also allow plaintiff to amend his complaint so that he can pursue his claim for First Amendment retaliation but only for acts occurring on or after December 13, 1993.

## II. FACTS AND ALLEGATIONS

Plaintiff alleges that he suffered injuries during his incarceration at the Macomb County Jail in 1993 and 1994. Plaintiff's chief allegations involve incidents of harassment and a physical assault inflicted upon him by three fellow inmates, defendants Jones, Jones and Edwards. Plaintiff claims that the harassment and assaults occurred because jail personnel did not respond to the requests for help that plaintiff and his cellmate made to jail personnel. Plaintiff further claims that he suffered damages because members of the jail's medical staff improperly treated him by failing to follow his treating physician's orders and by refusing plaintiff's requests for drugs that had allegedly been prescribed for him.

Plaintiff appears to be claiming that the alleged incidents prompting this action began when he was placed into the general population of defendant Macomb County Jail on November 6, 1993. From November 6, 1993 to November 27, 1993, the day upon which plaintiff claims he was physically assaulted, plaintiff alleged that he wrote two kites per day requesting that something be done about threats and harassment he supposedly had suffered. Plaintiff claims that he was eventually released from jail on December 16, 1993, but again returned on September 26, 1994 until November 21, 1994. Among other things, plaintiff alleges that during this latter

incarceration he was again denied appropriate medical treatment.

Plaintiff filed the original complaint in this matter on November 27, 1995. Plaintiff filed the present motion to amend on December 13, 1996.

## III. STATEMENT OF THE CASE

The primary question that this opinion addresses is, of course, whether the plaintiff should be granted leave to amend his complaint. Defendants assert that such leave is improper in this case because the proposed amendments are futile due to their untimeliness. I disagree.

To begin with, plaintiff's claim of retaliation may encompass conduct that occurred after December 13, 1993. To the extent that it does encompass such conduct, the amendment is not futile as it was filed on December 13, 1996, a date within the statute of limitations for conduct occurring after December 13, 1993. The same reasoning applies with respect to plaintiff's attempt to add the names of jail personnel. To the extent that the allegations against them occurred after December 13, 1993, plaintiff is certainly entitled to add their names.

The problem with the plaintiff's attempted amendments is, of course, that many of the allegations against defendants occurred prior to December 13, 1993. Therefore, unless the proposed amendments "relate back" to the date of plaintiff's original pleading in this case, they will be time-barred and, as such, futile. Under FED.R.CIV.P. 15, leave to amend need not be granted for futile amendments. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

With regard to the amendments that will add the names of jail personnel as defendants, FED.R.CIV.P. 15(c)(3) provides that amendments of this sort will relate back to the date of an original pleading only if certain conditions are met. Because I find that those conditions have been met, I conclude that the amendments adding the newly named defendants relate back to the date of the original pleadings. Thus, the amendments are timely and, therefore, not futile. Accordingly, I grant plaintiff's motion to amend his complaint so that he may include the recently-discovered names of John Doe(s) I–VIII.

With regard to the proposed amendment adding the retaliation claim for conduct occurring before December 13, 1993, I find that the requirements of FED.R.CIV.P. 15(c)(2) have not been met. Accordingly, the proposed amendment adding the retaliation claim will not "relate back" for incidents occurring prior to December 13, 1993, making this part of plaintiff's claim untimely. Thus, to allow plaintiff's proposed amendment to include retaliatory conduct occurring prior to December 13, 1993 would be futile. As such, I do not grant leave to amend the complaint to the extent that the amendment includes any claims of First Amendment retaliation occurring prior to December 13, 1993.

## IV. ANALYSIS

### A. *Addition of Named Defendants*

While both parties agree that FED. R.CIV.P. 15(a) provides that leave to amend a party's pleadings shall be freely given when justice so requires, defendant objects to the plaintiff's attempt to add to the list of defendants the names of jail personnel that plaintiff learned during the course of discovery in this case. Citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), defendant points out that justice does not require an amendment of pleadings where such an amendment would be futile. Defendant reasons that the addition of the newly named defendants in this case would be futile because plaintiff filed the amendment with the additions more than three years after the occurrence of some of the incidents alleged within plaintiff's complaint.

In support of this argument, defendant cited the recent United States Court of Appeals for the Sixth Circuit decision in *Cox v. Treadway*, 75 F.3d 230 (6th Cir.1996), in which that court refused the plaintiff's request to amend their complaint. The Court held that the plaintiffs could not "circumvent statutes of limitations" simply by replacing a previously named "John Doe" with a named defendant after the statute of limitations had

run. Replacement of so-called John Doe defendants after the expiration of an applicable limitations period could only take place, the court reasoned, where the amending party satisfied the strictures of FED.R.CIV.P. 15(c)(3). Since the plaintiffs in that case could not satisfy these strictures, the court concluded that the amendments were improper. Herein lies the key distinction between *Cox* and the case at bar: whereas the plaintiffs in *Cox* could not satisfy the requirements of Rule 15(c)(3), plaintiff in this case does satisfy them.

*Simpson v. City of Maple Heights*, 720 F.Supp 1303 (N.D.Ohio 1988), a case almost identical to the one at bar, is instructive. In *Simpson*, the plaintiff filed a timely complaint alleging violations of 42 U.S.C. sec. 1983 and included among the list of defendants "Other Unknown Police Officers." Thirteen months later, after the statute of limitations had run on her claim, plaintiff attempted to amend her complaint so that she could add the name of a certain female police officer whose name plaintiff did not have prior to discovery. The defendant objected to the proposed amendment on grounds similar to those expressed by defendant in the case at bar. Namely, the defendant argued that plaintiff failed to establish that her amendment should relate back under Fed.R.Civ.P. 15(c)(3) to the date of the original filing because she had not received formal notice of the suit against her. In fact, the only notice she had received of the suit came during her employer's investigation of the allegations within the plaintiff's complaint.

The court rejected the defendant's argument that the defendant female police officer had received insufficient notice of the suit. In doing so, the court pointed out that there are three requirements under Rule 15(c)(3) that parties must satisfy before an amendment that changes a party will relate back:

(1) The claim asserted in the amended pleading must arise out of the conduct, transaction, or occurrence set forth in the original pleading; and

(2) Within the period provided by law for commencing the action against the party to be brought in by amendment, that party must have received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and

(3) Within this same period, the party must have known or should have known but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

*Id.* at 1304.[1]

The parties did not dispute that the plaintiff's proposed amendment adding the female officer's name satisfied the first of these three requirements. At the same time, however, the parties were sharply divided over whether that amendment satisfied the last two requirements. Specifically, the defense asserted that the female officer did not have sufficient notice within the required period. The court rejected this argument, holding that it was not necessary that the female officer receive formal notice of the complaint against her; for purposes of relating the amendment back to the date of the complaint's filing, it was sufficient that the municipal police department that employed the officer received notice. Such a result, the court reasoned, comported with the intent of Rule 15(c) and of statutes of limitation in general:

Since the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, *i.e.*, to avoid undue surprise, to permit investigation and collec-

---

1. The second of these two prongs was the subject of a United States Supreme Court opinion, *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). *Simpson* followed the rule in *Schiavone* that "[w]ithin the period provided by law for *commencing the action* against the party to be brought in by amendment, the party must have received such notice of the

institution of the action that the party would not be prejudiced in maintaining a defense on the merits." *Id.* (Emphasis added.) However, in 1991 Rule 15(c)3 was amended so that parties must receive notice of the institution of the complaint within the time provided in Rule 4(m) for service of the complaint (120 days after the filing of the complaint).

tion of evidence while it is fresh and other similar concerns.

*Id.,* at 1305.

■ I find that those policy objectives will still be met in the present case if plaintiff is granted leave to amend his complaint in order to add the names of jail personnel in place of John Doe(s) I–VIII.[2] As it was in *Simpson,* "[i]t is fair to presume from the professional relationships between the defendants and the language of the original complaint" that the newly named jail employees had sufficient and timely notice that plaintiff had filed the instant suit. I find it simply unbelievable that defendant Hackel, when served with plaintiff's complaint, did not conduct a thorough investigation of the serious allegations it contained. Indeed, an investigation of this sort would have been absolutely essential in order for defendant Hackel to have truthfully answered the allegations in plaintiff's complaint. Such an investigation, moreover, would have surely had to include discussions with the jail employees accused of wrongdoing in plaintiff's complaint. Since defendant Hackel answered plaintiff's original complaint on March 19, 1995, less than 120 days from the date of the issuance of the summons and complaint, I find that the newly named defendants, all jail personnel under the supervision of defendant Hackel, must have had notice of the complaint no later than that date and thus will not be prejudiced in maintaining their defense. Accordingly, I also find that these newly-identified defendants had actual notice of the allegations contained in the complaint and from those allegations knew or should have known that they would have been named but for plaintiff's ignorance as to their identity. See *Simpson,* 720 F.Supp. at 1306. Plaintiff's motion for leave to amend his complaint to add as defendants the names of specific jail employees is hereby granted.

### B. *Amendment Adding Claim for First Amendment Retaliation*

■ As explained above, part of plaintiff's First Amendment claim relates to conduct that occurred on or after December 13, 1993. To the extent that it does, plaintiff's pro-

posed amendment is clearly timely. Relation back as to these events is not even an issue. Therefore, for post-December 13, 1993 conduct, we need look no further than Rule 15(a) of the Federal Rules of Civil Procedure which states that "leave [to amend] shall be *freely* given when justice so requires." (Emphasis added.) I find that justice requires that plaintiff be given such leave to amend for any event of retaliation occurring after December 13, 1993. As to such amendments: they are not futile for they are timely; they are not the product of bad faith or dilatory motive; they are not the result of repeated attempts to cure previous deficiencies; and their allowance will not result in undue prejudice to Defendants. *See, Foman v. Davis, supra.*

■ The same cannot be said for incidents of retaliation occurring before December 13, 1993. In order to allow the amendment to include these incidents, I must first find that the amendment relates back to the date of the original filing. This I cannot do. Rule 15(c)(2) of the Federal Rules of Civil Procedure drives my decision. Under that rule, in order to relate an amendment back to the date of a pleading's original filing, I must find that "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Since many of the allegations making up the pre-December 13, 1993 retaliation were not contained in the original complaint, the amendment with respect to this time period must fail. Thus, plaintiff's motion to amend his complaint to include retaliation for the exercise of his First Amendment rights is denied for any incidents occurring before December 13, 1993.

### V. CONCLUSION

For the foregoing reasons, plaintiff's motion to amend his complaint is granted in part and denied in part.

IT IS SO ORDERED.

---

**2.** See also, *Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn.1973).