Peter **BALISTRIERI**, Mary Balistrieri, Joseph Balistrieri, and Bals, Inc., a Wisconsin corporation, Plaintiffs,

v.

Robert W. **WARREN**, individually and as Attorney General of the State of Wisconsin, Peter Peshek, individually and as Assistant Attorney General of the State of Wisconsin, Daniel J. Hanley, individually and as Executive Assistant to the Attorney General of the State of Wisconsin, Herbert L. Krusche, individually and as Investigator, State Department of Justice, State of Wisconsin, Walter A. Younk, individually and as Investigator, State Department of Justice, State of Wisconsin, Defendants.

No. 70-C-56.

United States District Court, W. D. Wisconsin.

July 20, 1970.

Donald S. Eisenberg, Madison, Wis., for plaintiffs.

David J. Hanson, Sverre O. Tinglum, Asst. Attys. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action brought by the owners and operators of a Milwaukee bar and restaurant known as "The Scene." Plaintiffs pray damages allegedly caused by a raid made by defendants on the premises of "The Scene."

Defendants have moved to dismiss for lack of jurisdiction over the subject matter and, alternatively, on the ground that the complaint fails to state a claim upon which relief can be granted.

It appears from the allegations of the complaint that the defendants, accompanied by five others unknown to the plaintiffs, entered the premises of "The Scene" at 10:30 p. m. on Friday, November 28, 1969; that they checked customers' identification cards; that they checked liquor supplies and invoices for liquor purchases; that they "stopped the operation of plaintiffs' business"; and that all these acts were done forcibly, without consent of the owners, and without legal process having been issued.

Plaintiffs claim that their rights under the Fourth and Fourteenth Amendments to the United States Constitution have been violated. Jurisdiction is present under 28 U.S.C. § 1343 (3). If at any time it appears that the Constitution affords no protection to plaintiffs, then the proper action for this court is dismissal on the merits but not on jurisdictional grounds. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Kamsler v. M.F.I. Corporation,

359 F.2d 752 (7th Cir. 1966), cited by defendants, is inapposite here. Despite a broad statement that under the civil rights statutes "a district court does not have jurisdiction unless a person is deprived of Constitutional or statutory rights, privileges, or immunities," *id.* at 754, the *Kamsler* court found that "[n]o claim has been presented upon which relief can be granted." *Id.* The only clear holding is "that the district court did not err in dismissing plaintiff's complaint." *Id.* In the light of Bell v. Hood, *supra, Kamsler* must be read as affirming dismissal on the merits, not on jurisdictional grounds.

■ To state a viable cause of action under the civil rights act, 42 U.S.C. § 1983, plaintiffs must allege that the defendants acted under color of law and that they deprived plaintiffs of constitutionally protected rights, privileges, or immunities. Plaintiffs have sufficiently alleged that the acts were done under color of law. They have also alleged overt acts of the defendants which they contend were in violation of the Fourth and Fourteenth Amendments. The defendants contend that the Fourth and Fourteenth Amendments do not preclude warrantless searches of licensed retail liquor establishments under revenue and regulatory statutes. They rely on Colonnade Catering Corp. v. United States, 410 F.2d 197 (2d Cir. 1969) which held that warrantless searches in liquor inspections pursuant to 26 U.S.C. §§ 5146(b) and 7606(a) did not violate the Fourth Amendment's proscriptions against unreasonable search and seizure. Subsequently the Supreme Court reversed on statutory grounds without reaching the constitutional issue. Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). I do not understand defendants to contend that warrantless searches are invariably constitutionally permissible under revenue statutes regulating retail liquor establishments. It may be that a fuller record will disclose that the search complained of here was constitutionally impermissible even though it may also be concluded that a warrant was not constitutionally required. At this stage of the proceedings, it would be inappropriate to decide a constitutional issue which may be unnecessarily broad. On motion for summary judgment or at trial a constitutional decision may become unnecessary.

■ Defendants also challenge this action on the grounds that they are immune from a suit for damages under the Civil Rights Act. They assert no special grounds for this immunity other than the status of attorneys general (and the status of other officers cooperating with attorneys general). As a judicial official, a prosecuting attorney is immune from suits based on his "quasi-judicial acts," Kalec v. Adamowski, 406 F.2d 536, 537 (7th Cir. 1969); this is the same immunity as that accorded a judge, Byrne v. Kysar, 347 F.2d 734, 736 (7th Cir. 1965). But judicial officers, such as attorneys general, are not absolutely immune from civil rights liability simply as a matter of status or position and without regard to conduct. Bauers v. Heisel, 361 F.2d 581, 590–591 (3rd Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Robichaud v. Ronan, 351 F.2d 533 (9th Cir. 1965); Corsican Productions v. Pitchess, 338 F.2d 441 (9th Cir. 1964); Spires v. Bottorff, 317 F.2d 273 (7th Cir. 1963). The factual backgrounds of the recent Seventh Circuit cases including those on which defendants rely are readily distinguishable from the instant case. They all appear to have involved quasi-judicial, not investigative, behavior. For a detailed discussion of the Seventh Circuit cases, see Peterson v. Stanczak, 48 F.R.D. 426, 430–432 (N.D. Ill.1969). The overt acts alleged in the complaint are the acts of investigators, not quasi-judicial acts.

"The prosecuting attorney may have numerous roles. See Barrett, Police Practices and the Law—From Arrest to Charge, 50 Calif.L.Rev. 11, 16–24 (1962). The distinction between the roles may be significantly controlling, for as our court quite recently empha-

sized, 'prosecutors are not immune from suit under the Act simply as a matter of status wholly without regard to the nature of their conduct.' Corsican Productions v. Pitchess, 338 F.2d 441 (9th Cir. 1964).

"* * * [W]hen a prosecuting attorney acts in some capacity other than his quasi-judicial capacity, then the reason for his immunity—integral relationship between his acts and the judicial process—ceases to exist. If he acts in the role of a policeman, then why should he not be liable, as is the policeman, if, in so acting, he has deprived the plaintiff of rights, privileges, or immunities secured by the Federal Constitution and laws?" Robichaud v. Ronan, 351 F.2d 533, 536–537 (9th Cir. 1965).

When an official acts solely as a police officer, he is left with the defense accorded to police officers in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed. 2d 288 (1967), that he acted in good faith under statutes he believed valid. *Id.* at 555, 87 S.Ct. 1213.

The motion to dismiss is hereby denied.