355 F.Supp. 542 (1973)
James HAAF, and Janette Haaf, Plaintiffs,
v.
Nick GRAMS, Individually, and as Chief of Police of the Police Department of the City of Saint Cloud; Richard Ahles, Individually, and as City Attorney of the City of Saint Cloud; and the City of Saint Cloud, a municipal corporation, Defendants.
No. 4-72 Civ. 496.
United States District Court, D. Minnesota. Fourth Division.
February 23, 1973.
*543 *544 Thomson, Wylde & Nordby by Jack Wylde, St. Paul, Minn., for plaintiffs.
Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan by W. D. Flaskamp and J. Richard Bland, Minneapolis, Minn., for defendants.
NEVILLE, District Judge.
Plaintiffs James and Janette Haaf have brought suit against Nick Grams, Chief of Police of the City of Saint Cloud, Minnesota, Richard Ahles, City Attorney for the City of Saint Cloud, and against the municipal corporation of the City of Saint Cloud. Jurisdiction of this court is invoked under 28 U.S.C. § 1343(3) to redress the alleged violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Plaintiffs' complaint alleges that they have been deprived of "rights, privileges and immunities secured . . . by the Fourteenth Amendment" for which they claim damages from defendants jointly and severally$100,000 in actual damages and $100,000 in punitive damages. It is further alleged that defendant Grams "wilfully, maliciously and without probable cause" caused "unfounded and unwarranted" criminal complaints to be issued which charged plaintiff Janette Haaf with making obscene and harassing telephone calls and plaintiff James Haaf with allowing a telephone leased to him to be used for such illegal calls. Plaintiffs claim also that, subsequent to their arrest on the above charges, defendants Ahles and Grams arranged to have an account of these events published in the Saint Cloud Daily Times "with a desire to humiliate and injure plaintiffs."
Apparently the criminal charge against plaintiff James Haaf was dismissed in the State Municipal Court on motion of defendant Ahles. It appears that plaintiff Janette Haaf was convicted in State Municipal Court but that the charges were dismissed upon appeal to the District Court of Stearns County, Minnesota. No records have been entered into evidence but defendants do not deny these allegations. Plaintiffs allege that the dismissal resulted from the discovery of exculpatory evidence which would have precluded Janette Haaf's conviction in Municipal Court had it not been deliberately, knowingly and wilfully suppressed by defendant Ahles. It is further contended that he knowingly allowed perjured testimony to remain unimpeached. A general allegation is made that defendants were acting under color of state law and of their official capacities.
No claim is stated for which relief can be granted under 42 U.S.C. § 1985. The complaint does not allege a conspiracy or travel on the highway or entrance on another's property. That omission is fatal. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed.2d 338 (1971).
To state a claim under Section 1983 there must be an allegation of 1) action taken under color of state law and 2) a resulting deprivation of rights, privileges, or immunities secured by the Constitution or by federal law. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961); Stringer v. Dilger, 313 F.2d 536 (10th Cir. 1963); Campbell v. Anderson, 335 F.Supp. 483 (D. Del.1971); Hill v. Toll, 320 F.Supp. 185 (E.D.Pa.1970); Balistrieri v. Warren, 314 F.Supp. 824 (W.D.Wis.1970). Plaintiffs have alleged that criminal complaints were improperly issued and prosecutions improperly maintained which resulted in deprivation of unspecified *545 rights (apparently due process) secured by the Fourteenth Amendment and that such activities were conducted by defendants acting under color of their official capacities and therefore under color of state law. Although rather meager and inartfully pleaded, these facts, if proved, are adequate to support a claim under 42 U.S.C. § 1983.
The cause of action to recover from the City of Saint Cloud must be dismissed as to both plaintiffs. A municipal corporation is not a "person" for purposes of the Civil Rights Act of 1871 and therefore may not be held liable. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Wallach v. Pagedale, 359 F.2d 57 (8th Cir. 1966); Savage v. United States, 322 F.Supp. 33 (D.Minn.1971), aff'd 450 F.2d 449 (8th Cir. 1971), cert. denied 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585, reh. denied 406 U.S. 951, 92 S.Ct. 2048, 32 L. Ed.2d 339 (1972); Lyle v. Village of Golden Valley, 310 F.Supp. 852, 854 (D. Minn.1970); Daly v. Pedersen, 278 F. Supp. 88, 90 (D.Minn.1967).
The question of whether a prosecutor will be held liable for damages for his acts depends on whether his conduct falls within the scope of his jurisdiction. Moore v. Buck, 443 F.2d 25 (3d Cir. 1971); Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966); Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955). See Bethea v. Reid, 445 F.2d 1163 (3d Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1972); Arensman v. Brown, 430 F.2d 190 (7th Cir. 1970); Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970), cert. denied 400 U. S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Marlowe v. Coakley, 404 F.2d 70 (9th Cir. 1969) cert. denied, 395 U.S. 947, 89 S.Ct. 2017, 23 L.Ed.2d 465 (1969); Savage v. United States, 322 F.Supp. 33 (D.Minn.1971), aff'd 450 F. 2d 449 (8th Cir. 1971), cert. denied 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585, reh. denied 406 U.S. 951, 92 S.Ct. 2048, 32 L.Ed.2d 339 (1972). The issue before the court then is not whether prosecutors are immune without reservation from any suit under Section 1983 but whether defendant Ahles in this case acted outside the scope of his jurisdiction and therefore is not protected by the shield of immunity. If a prosecutor acts outside the scope of his jurisdiction he may be held liable for damages. Donovan v. Reinbold, 433 F.2d 738 (9th Cir. 1970); Robichaud v. Ronan, 351 F. 2d 533 (9th Cir. 1965); Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955); Balistrieri v. Warren, 314 F.Supp. 824 (W.D.Wis.1970). Plaintiffs allege here that defendant Ahles withheld exculpatory evidence. It has been specifically held that a prosecutor who withholds evidence is liable under Section 1983 when the criminal charges are eventually determined in favor of the one charged. Hilliard v. Williams, 465 F.2d 1212 (6th Cir. 1972). It therefore appears that plaintiff Janette Haaf has alleged sufficient facts which, if proved, would result in liability. Such questions of fact may not be determined on motion. Passwaters v. General Motors Corp., 454 F.2d 1270 (8th Cir. 1972). Additionally, "on motion to dismiss, it cannot be held that [the prosecutor's] acts were either within the scope of his jurisdiction . . . or were authorized by law." Robichaud v. Ronan, 351 F.2d at 537.
In the Eighth Circuit prosecutors who act outside the scope of their jurisdiction still have available the defense of good faith and reasonable probable cause. Wilhelm v. Turner, 431 F.2d 177 (8th Cir. 1970), cert. denied 401 U. S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971). Nonetheless, the defense itself raises questions of fact which may not be determined without hearing evidence. Therefore defendant Ahles's motion for dismissal of Janette Haaf's cause of action on the basis of prosecutorial immunity must be denied.
Plaintiff James Haaf alleges that defendant Ahles caused a newspaper account to be published with intent to humiliate and injure plaintiffs. The court does not perceive that circumstance to give rise to a Constitutionally based cause of action required by Section *546 1983. The only other allegation is that a criminal complaint was filed. Such activity is clearly within the scope of a prosecutor's jurisdiction. Guedry v. Ford, 431 F.2d 660 (5th Cir. 1970); Wilhelm v. Turner, 431 F.2d 177 (8th Cir. 1970), cert. denied 401 U.S. 947, 91 S.Ct. 919, 28 L.Ed.2d 230 (1971); Arensman v. Brown, 430 F.2d 190 (7th Cir. 1970); Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970); Berg v. Cwiklinski, 416 F.2d 929 (7th Cir. 1969); Kostal v. Stoner, 292 F.2d 492 (10th Cir. 1961); Savage v. United States, 322 F. Supp. 33 (D.Minn.) aff'd 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585, reh. denied 406 U.S. 951, 92 S.Ct. 2048, 32 L.Ed.2d 339 (1972). Therefore plaintiff James Haaf's claim against defendant Ahles must be dismissed.
It is contended that defendant Grams carried on all activity involved with this suit in the capacity of a private person. It is clear from the statute itself that only those acting under color of law may be held liable; plaintiffs' explicit allegation of that fact in contravention to defendants' contentions creates a question of fact in this suit which may not be disposed of on motion. Therefore defendant Gram's motion for dismissal may not be granted for plaintiffs' failure to state a claim. If it is proved that Grams was acting within his official capacity as Chief of Police while maliciously causing criminal complaints to be issued without probable cause, it is clear that he would enjoy no immunity from Section 1983 actions. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971). The only defense police have to actions under Section 1983 is that of good faith and probable cause. Wilhelm v. Turner, 431 F.2d 177 (8th Cir. 1970), cert. denied, 401 U.S. 947, 91 S.Ct. 919, 28 L. Ed.2d 230 (1971); Joseph v. Rowlen, 402 F.2d 367 (7th Cir. 1968); Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968). However, whenever the defense is raised, another fact question is presented. Therefore for all the above reasons, the claim against defendant Grams may not be dismissed.
The allegation of sufficient facts to state a cause of action and the presentation of questions of fact preclude dismissing any of plaintiffs' claims except that of plaintiff James Haaf against defendant Ahles. That motion to dismiss must be granted for failure to state a claim and all other motions to dismiss must be denied. Puckett v. Cox, 456 F. 2d 233 (6th Cir. 1972); Madison v. Purdy, 410 F.2d 99 (5th Cir. 1969); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962); 2 Moore's Fed.Prac. (2d ed.) ¶ 8.13 at 1653.
Defendants have also moved for an order to compel female children of plaintiffs over the age of 12 to speak into a tape recorder to produce a voice exemplar for defendants' use. The apparent intent is to prove that some individual who had ready access to the Haaf telephone was responsible for the calls allegedly made to defendant Grams and therefore to prove good faith and probable cause for defendants' actions. The motion will be denied. A motion to compel non-parties to this suit to engage in any production of this type of evidence for the benefit of a party is not contemplated by the Federal Rules of Civil Procedure. Rule 26 on the general aspects of discovery and Rule 34 regarding production of documents speak only to situations involving parties and to tangible evidence. Rule 45 involving subpoenas to non-parties also requires only the production of documents. There is no provision in the rules requiring non-parties to produce evidence of the type requested. The situation is all the more delicate because of the possible consequences. It is not inconceivable that a subsequent criminal action might be instituted following the introduction of the voice recording requested if testimony were to link the recorded voice with the one responsible for the harassing telephone calls. Given the limited provisions of the rules the court will not enter *547 the order as requested in this civil action.
There is also a motion before the court to compel plaintiffs to produce transcripts of various criminal proceedings. Any transcript taken by an official court reporter may be obtained from the reporter at the established fee without intervention from this court and plaintiffs are directed not to interfere with such. For any other proceeding where there may have been no official reporter, defendants may obtain transcripts from plaintiffs for study and copying at defendants' own expense. Conditions for this discovery are entered under authority of Rule 26 of the Federal Rules of Civil Procedure.