Clarence FLEMING

v.

Sheriff Mike GARDNER et al.

No. CIV–2–78–10.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 18, 1978.

On Motion to Dismiss Jan. 25, 1979.

Clarence Fleming, pro se.

James W. Bradford, Jr., and William C. Bovender, Kingsport, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The motion of the plaintiff Mr. Fleming for a protective order, Rule 26(c), Federal Rules of Civil Procedure, prohibiting the release to counsel for the defendants of his medical records hereby is OVERRULED.

The defendants moved the Court for " * * * an order requiring Bristol Memorial Hospital of Bristol, Tennessee, to produce and permit the defendants to inspect and copy or photograph the [e]mergency [r]oom records of hospitalization and treatment of * * * the plaintiff in this action. * * * " In support thereof, the record herein reflects that a request was made of the plaintiff by counsel for the defendants that he sign a form giving his written consent for the hospital to release the same, but that the plaintiff refused so to do.

Rule 34, Federal Rules of Civil Procedure, relating to the production of documents and records, creates a discovery device that may be used only against *parties* to a pending action. *Hickman v. Taylor* (1947), 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451, 459; 8 Wright and Miller, Federal Practice and Procedure: Civil 614– 615, § 2208. " * * * Thus, an order cannot be issued against a corporation that is not a party to a pending action, * * * " such as the aforenamed hospital. *Ibid.*, at 615; *accord: Haaf v. Grams*, D.C.Minn. (1973), 355 F.Supp. 542, 546 [16, 17].

■ Nevertheless, it appears that the defendants served upon the plaintiff a request that he produce documents within his control which constitute or contain matters within the scope of Rule 26(b), Federal Rules of Civil Procedure. Rules 34(a), (b), Federal Rules of Civil Procedure. Accordingly, the plaintiff Mr. Clarence Fleming hereby is ORDERED to produce the emergency room records of the aforenamed hospital concerning his hospitalization and treatment for the inspection and copying of the defendants within 10 days herefrom. Rules 34(b), 37(a), Federal Rules of Civil Procedure. The plaintiff may comply with this order by mailing .to counsel for the defendants his written consent authorizing such hospital to release such records to counsel for the defendants for inspection and copying.

## ON MOTION TO DISMISS

The Court ordered the plaintiff Mr. Fleming to produce certain hospital records for the inspection and copying of the defendants within 10 days.* Memorandum opinion and order herein of December 18, 1978. The plaintiff filed a timely notice of appeal from such interlocutory pretrial discovery order of January 12, 1979. Thereafter, the defendants moved the Court for a dismissal of this action for the failure of the plaintiff to comply with the aforementioned order. Rule 37(b)(2)(C), Federal Rules of Civil Procedure.

■ It seems clear that this Court's order of December 18, 1978 is not presently appealable. *United States v. Ryan* (1971), 402 U.S. 530, 532, 91 S.Ct. 1580, 29 L.Ed.2d 85, 88[1]; *Dow Chemical Company v. Taylor,* C.A. 6th (1975), 519 F.2d 352, 354–355[2]. Nevertheless, this Court must honor Mr. Fleming's attempted appeal, whatever its defects. See *Hogg v. United States,* C.A. 6th (1969), 411 F.2d 578, 580[2].

The filing of a notice of appeal herein had the effect of transferring jurisdiction from this Court to the Court of Appeals for this circuit with respect to the aforementioned order of this Court. 9 Moore's Federal Practice (2d ed.) 734–735, ¶ 203.11. It divested this Court of authority to proceed further herein as to such matters, *idem.,* even though that appeal was taken from an interlocutory nonappealable order, *Keohane v. Swarco, Inc.,* C.A. 6th (1963), 320 F.2d 429, 432[4]. Accordingly, the Court cannot, and does not, now consider the defendants' motion for a dismissal of this action.

---

* Recognizing that Mr. Fleming was incarcerated, this Court provided that he might comply with such order by mailing to counsel for the defendants his written consent authorizing the hospital to release such records to counsel for the defendants. It appears from the record herein that counsel for the defendants tendered to the plaintiff such a written consent form for his signature.