The HOME INSURANCE COMPANY,
Plaintiff,

v.

FIRST NATIONAL BANK OF
ROME, Defendant.

Civ. A. No. C80–200R.

United States District Court,
N. D. Georgia,
Rome Division.

Dec. 22, 1980.

Clayton H. Farnham, Swift, Currie, McGhee & Hiers, Nancy A. Williamson, Atlanta, Ga., for plaintiff.

Walter J. Matthews, Smith, Shaw, Maddox, Davidson & Graham, Rome, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

This suit is brought by plaintiff as an independent action for discovery under Rule 34(c) of the Federal Rules of Civil Procedure. Presently before the Court are defendant's motion to dismiss and plaintiff's motion for judgment on the pleadings.

Plaintiff is seeking in this action the production of documents which plaintiff contends are material to its defense in a case in this Court in which it is the defendant. That case is *Diana Weisman Horton v. The Home Insurance Company,* Civil Action Number C79–165R. Plaintiff asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C.A. § 1331(a), that the action arises under Rule 34(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and that there is an amount in controversy greater than $10,000.

Defendant contends that this Court lacks jurisdiction in that suit is not brought under any provision of the United States Constitution, or any law, statute or treaty thereunder, there is not $10,000 in controversy, and there is no federal cause of action under Fed.R.Civ.P. 34(c).

The controlling legal issue in this case is whether or not this action may be brought under Fed.R.Civ.P. 34(c). That rule states:

Rule 34. Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes.

.     .     .     .     .

(c) Persons Not Parties. This rule does not preclude an independent action against a person not a party for production of documents and things and permission to enter upon land.

The Advisory Committee Note to the 1970 amendment of Rule 34(c) states:

Subdivision (c). Rule 34 as revised continues to apply only to parties. Comments from the bar make clear that in the preparation of cases for trial it is occasionally necessary to enter land or inspect large tangible things in the possession of a person not a party, and that some courts have dismissed independent actions in the nature of bills in equity for such discovery on the ground that Rule 34 is preemptive. While an ideal solution to this problem is to provide for discovery against persons not parties in Rule 34, both the jurisdictional and procedural problems are very complex. For the present, this subdivision makes clear that Rule 34 does not preclude independent actions for discovery against persons not parties.

48 F.R.D. 487, 527 (1969).

■ It is clear from the text of the Advisory Committee Note that subdivision (c) was added to the Federal Rules to fill a specific void in the Rules. That is, it was designed to cover situations in which a party desires to enter on land that is not in the possession or control of a party or to inspect things that it is physically impossible to produce at the taking of a deposition, for example, a mine that is the site of a cave-in, or a large machine that is the source of an injury. *See,* 4 A J. Moore, *Moore's Federal Practice* ¶ 34.22 at 34–116 (2d ed. 1980) [hereinafter cited as *Moore*]; 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2209 at 618–619 (1970) [hereinafter cited as *Wright & Miller*]; Note, "Rule 34(c) and Discovery of Nonparty Land," 85 *Yale L.J.* 112 (1975) [hereinafter cited as "Rule 34c"]. As the Advisory Committee Note states, some courts had dismissed independent discovery actions in the nature of equitable bills of discovery for inspection of non-party land on the grounds that enactment of the Federal Rules of Civil Procedure preempted any previously existing discovery devices, such as the bill in equity for discovery. The Advisory Committee in response added Rule 34(c), which simply makes it clear that such independent actions are not precluded.

*See,* "Rule 34(c)," *supra* at 114. In so doing, it specifically rejected the extension of Rule 34 to cover non-parties for the time being on the grounds that the jurisdictional and procedural problems posed by such an extension were too complex. *See,* 4A *Moore, supra;* 8 Wright & Miller, *supra.*

Rule 34(c) states that independent actions are not precluded; however, it contains no language authorizing such discovery. *See,* "Rule 34(c)," *supra* at 114. Indeed, according to the Reporter for the Advisory Committee, the Committee intended that no such authorization be implied. *Id.* at 114 n. 18. The availability of such discovery then depends on whatever independent action might be brought. *See, id.* at 114.

At least one commentator has interpreted the Advisory Note and related Federal Rules to mean that "to the extent independent actions for discovery are permissible under the Rules, they would be governed by the Rules insofar as procedure is concerned," and that jurisdiction must be obtained before following the procedure outlined in Rule 34. *See,* 4A *Moore, supra* at 34–116 n. 1.

Courts addressing discovery against nonparties since adoption of Rule 34(c) have consistently held that Fed.R.Civ.P. 34 as it relates to production of documents and records creates a discovery device that may be used only against *parties* to a pending action. *See, Fleming v. Gardner,* 84 F.R.D. 217 (E.D.Tenn.1978); *Haaf v. Grams,* 355 F.Supp. 542 (D.Minn.1973).

In *Haaf v. Grams, supra,* the Court addressed a motion to compel nonparties to a civil rights suit to produce voice exemplars for defendants' use. The Court stated:

A motion to compel non-parties to this suit to engage in any production of this type of evidence for the benefit of a party is not contemplated by the Federal Rules of Civil Procedure. Rule 26 on the general aspects of discovery and Rule 34 regarding production of documents speak only to situations involving parties and to tangible evidence. Rule 45 involving subpoenas to non-parties also requires only the production of documents. There is no

provision in the rules requiring non-parties to produce evidence of the type requested.

*Id.* at 546. And, in *Fleming v. Gardner, supra,* the Court, citing *Haaf,* held that an order requiring a corporation not a party to an action to produce and permit defendants to inspect and copy or photograph records could not be issued under the Federal Rules. *Id.* at 217.

Neither plaintiff nor defendant in this case have cited any case law in support of their respective positions, and the Court has found no reported decision specifically addressing Rule 34(c). However, in *Arcell v. Ashland Chemical Co., Inc.,* 152 N.J.Super. 471, 378 A.2d 53 (1977), a Superior Court of New Jersey was required in a products liability case to interpret a state statutory provision, R. 4:18–1, that is identical to Fed. R.Civ.P. 34(c). The Court stated:

The parties agree that this rule in itself does not authorize an independent action for discovery, but merely serves the purpose of making it clear that R. 4:18–1 does not preclude actions for discovery against persons not parties. See the Advisory Committee Comment to F.R.Civ.P. 34(c)—the federal counterpart to R. 4:18–1(c)—48 F.R.D. at 527; 8 Wright & Miller, Federal Practice & Procedure, § 2209 (1970). Note, "Rule 34(c) and Discovery of Non-party Land," 85 Yale L.J. 112, 114 (1975). Thus, any right on the part of MCA to obtain relief in the nature of discovery must be found outside of R. 4:18–1(c).

*Id.* 378 A.2d at 70.

In *Arcell,* the Court found that right in the form of an equitable bill of discovery. The Court noted that historically, equity courts exercised their jurisdiction to compel discovery in aid of proceedings at law, but that the need to resort to equity to obtain discovery at law had become virtually nonexistent because of the enactment of modern discovery rules. *Id.* The Court went on to state that the enactment of these rules did not, however, preempt equitable jurisdiction as to bills of discovery, and that equity could be resorted to whenever discovery could not be obtained under the

present rules. *Id.* 378 A.2d at 71, citing cases.

The Court then cited authority to the effect that equitable bills of discovery could lie not only against parties to the action, but against anyone who had an interest in the subject matter of the action at law for which discovery was sought. *Id.*, citing authorities. Cases in which the equitable bill of discovery was allowed were those in which "the party from whom discovery was allowed had a pecuniary interest in the outcome of the action at law or was in possession of information vital to the prosecution or defense of the legal action which information could not be obtained from any other source." *Id.*, citing cases.

The Court held that as the party from whom discovery was sought in the case before it had "in its sole possession, or at its disposal, knowledge of most, if not all facts relevant to the action brought by plaintiffs . . . ," and as it was a self-insured and had "a significant pecuniary interest in the outcome of the action because of its statutory right to reimbursement," the counts for discovery in the third party complaint before it adequately stated a claim for relief. *Id.*

■ It is clear to this Court, in applying the foregoing to the facts of the instant action, that this is not an appropriate case for the invocation of Rule 34(c).

First, this case is plainly not one which that Rule was originally intended to cover. It is not a situation in which plaintiff seeks to enter on land that is not in the possession or control of a party or to inspect things that it is physically impossible to produce. *See,* 4A *Moore, supra;* 8 *Wright & Miller, supra;* "Rule 34(c)", *supra.* Plaintiff here is demanding production of notes, payment records, correspondence, and memoranda.

Second, plaintiff's reliance on Rule 34(c) as the basis for jurisdiction in this case is misplaced. That rule does not create a federal cause of action against a third party in order to seek production of documents and records. *See, Arcell v. Ashland Chemical Co., Inc., supra;* "Rule 34(c)," *supra.* A contrary ruling would in effect extend Rule 34 to non-parties, which the Advisory Committee expressly stated it was not doing at that time.

Thus, any right on the part of plaintiff to obtain relief in the. nature of discovery must be found outside of that rule. *See, id.* While such a right has been found in the form of an equitable bill of discovery, as in *Arcell, supra,* plaintiff has not proceeded under that theory, and the Court does not believe that such relief would be appropriate in this case.

■ It is well-established that independent relief is not customarily available in aid of or in lieu of discovery under Rule 34, particularly when discovery rules provide an adequate remedy to the party seeking discovery. *See,* 8 *Wright & Miller, supra,* citing *Humble Oil & Ref. Co. v. Sun Oil Co.,* 175 F.2d at 670 (5th Cir. 1949), and *Humble Oil & Ref. Co. v. Harang,* 262 F.Supp. 39, 44 (D.La.1966).

■ The discovery rules clearly provide an adequate remedy to the plaintiff in this case. Even before the enactment of subdivision (c), certain types of discovery were available against non-parties to an action. For example, a subpoena duces tecum could be issued for a deposition against a person having documents or things in question. 8 *Wright & Miller, supra* at 618. "Rule 34(c)," *supra* at 112. Defendant has stated that it has no objection to being subpoenaed and to producing the documents which are sought by the plaintiff, if such production is done in such a manner as to protect the defendant in its relationship with its banking customers. As the plaintiff in this action has the right of subpoena and the bank, subject to the propriety of the subpoena, would have to respond and has no objection to so responding, it appears to this Court that this matter could and should be properly handled by a subpoena duces tecum entered in the case which is already in progress.

Such a conclusion is particularly justified when the policies underlying the discovery provisions of the Federal Rules are considered. As stated by one commentator:

The fundamental objection to an independent discovery action, regardless of the form it may take, is that it is con

trary to the policies represented by the discovery provisions of the Federal Rules. The purpose of these provisions was to replace the unrelated and haphazard devices which had developed by a process of historical accretion with an integrated and efficient system of pretrial investigation; simpler procedures were substituted for the cumbersome bill in equity of the former practice. This purpose was reaffirmed by the 1970 amendments to the Rules, which further reduced judicial involvement and eliminated it altogether from Rule 34(a). It was surely inconsistent to provide extrajudicial discovery of parties' land in one section Rule 34 and at the same time to resurrect independent actions for discovery of nonparties' land in another section.

(footnotes omitted). "Rule 34(c)", *supra* at 119.

ACCORDINGLY, for the above and foregoing reasons, defendant's motion to dismiss is granted; plaintiff's motion for judgment on the pleadings is denied.