**Carla Renee SMITH, Plaintiff,**

**v.**

**Harry PARMLEY, etc., et al.,**
**Defendants.**

**No. CIV–4–81–57.**

United States District Court,
E.D. Tennessee,
Winchester Division.

June 1, 1982.

On Exception to Pretrial Order
June 21, 1982.

Harold L. North, Jr., Chattanooga, Tenn., for plaintiff.

William A. Lockett, Chattanooga, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

 Neither the Chattanooga, Tennessee Police Department nor the Tennessee Bureau of Investigation is a party to this

action. Nonetheless, the plaintiff moved the Court

* * * for an Order compelling the Chattanooga Police Department and/or the Tennessee Bureau of Investigation to furnish verified copies of statements given to officer Dana Littlefield of the Chattanooga Police Department by the plaintiff and Michael W. Grayson on August 17, 1980.

* * * * * *

The plaintiff cited no authority authorizing the Court to issue such an order, and the Court is aware of no such authority. Rule 34, Federal Rules of Civil Procedure, is inapposite; it " * * * creates a discovery device that may be used only against parties to a pending action. * * * " *Fleming v. Gardner,* D.C.Tenn. (1978), 84 F.R.D. 217[1], citing *Hickman v. Taylor* (1947), 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451, 459.

If the plaintiff desires to subpoena the documents which she seeks, there is a procedure for so doing. *See* Rule 45, Federal Rules of Civil Procedure.

Her aforequoted motion hereby is

DENIED.

### ON EXCEPTIONS TO PRETRIAL ORDER

#### I

The exception of the plaintiff to § II(a) of the pretrial order herein [1] hereby is

ALLOWED.[2] The defendant, having now stipulated the accuracy of the plaintiff's exception to § III(d) of the pretrial order, such exception hereby is

ALLOWED.

1. The plaintiff's brief of May 20, 1982, relating thereto, will be filed by the clerk as an exhibit to her exceptions of the same date, local Rules, appendix, § 5(a); *McElearney v. University of Ill., Etc.,* C.A. 7th (1979), 612 F.2d 285, 290, n. 3, although briefs are not a part of the court-record, local Rule 11(g).

2. At the pretrial conference herein, the Court deleted from § II(a) the plaintiff's claims against all defendants other than Mr. Parmley; it was then the view of the Court that the plaintiff had not stated a claim against any

The plaintiff excepted also to the Court's admission into evidence of exhibits nos. 5, 6, 7, 8 and 9, which exhibits were admitted at the pretrial conference without objection by the plaintiff. *Cf.* Rule 103(a)(1), Federal Rules of Evidence. Pretermitting any consideration of whether the plaintiff has waived any right to now object to such exhibits, the Court is convinced that they are admissible.

The allegations of the plaintiff herein have "opened the door" for a consideration by the jury of the circumstances surrounding her arrest, incarceration and alleged rape. The plaintiff cannot slam-shut that door on the defendants so as to prevent them from enlightening the jury as to their version of what happened.

" * * * The jury is entitled to know the 'setting' of a case. It cannot be expected to make its decision in a void—without knowledge of the time, place and circumstances of the acts which form the basis of the [plaintiff's allegations]. * * * " *United States v. Roberts,* C.A. 6th (1977), 548 F.2d 665, 667[1]. The Court is of the opinion that these exhibits are relevant, Rule 401, Federal Rules of Evidence; in their absence, the jury could be misled into thinking that the plaintiff and her traveling companion were seized from a public highway and jailed for no reason and without any legal process whatsoever.

The Court is of the opinion further that such exhibits should not be excluded under Rule 403, Federal Rules of Evidence, as being unfairly prejudicial. Just because this evidence might be damaging to the plaintiff's case would not justify its sup-

other defendant upon which relief might be granted herein. The claims which the plaintiff now proposes appear sufficient to state a claim upon which relief can be granted; these allegations appear to fall within the scope of the holding of *Hays v. Jefferson County, Kentucky,* C.A. 6th (1982), 668 F.2d 869. Of course, if it should develop that the plaintiff had no basis for proceeding against these defendants, she might be assessed with a reasonable attorneys' fee. *See* 42 U.S.C. § 1988.

pression; for, under our adversary system of justice, most evidence offered by one side will be damaging to the other side. *See United States v. DeLillio,* C.A.2d (1980), 620 F.2d 939, 947[11], n. 2, certiorari denied (1980), 449 U.S. 835, 101 S.Ct. 107, 108, 66 L.Ed.2d 41.

Rule 403, *supra,* is of limited application; as has been stated:

\* \* \* \* \* \*

Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none. Here was no parade of horrors. \* \* \*

*United States v. McRae,* C.A. 5th (1979), 593 F.2d 700, 707[7–9], certiorari denied (1979), 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83. This exception hereby is

DISALLOWED.

The Court, having allowed the plaintiff's exception to § II(a), her exception to § X(b) of the pretrial order is now

MOOT.

## II

The defendant Mr. Parmley moved for a dismissal of this civil rights, 42 U.S.C. § 1983, action for the failure of the plaintiff to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Such motion lacks merit and hereby is

DENIED.

■ The basis for such motion is Mr. Parmley's contention that, at the pertinent times, he was not acting under color of state law, an essential element for liability under 42 U.S.C. § 1983, *supra.* What the movant appears to overlook, however, is that at the pretrial conference it was stipulated that at all pertinent times " \* \* \* the defendant Mr. Harry Parmley was a duly appointed police officer of the city of Monteagle, Tennessee acting under color of Tennessee law." Pretrial order herein of May 11, 1982, § III(b). Mr. Parmley did not except to this part of the pretrial order, and such stipulation is binding on him, the other parties to this action, and the Court.[3] *Brown v. Tennessee Gas Pipeline Co.,* C.A. 6th (1980), 623 F.2d 450, 454[4]; *Morelock v. The NCR Corp.,* C.A. 6th (1978), 586 F.2d 1096, 1107[11], certiorari denied (1979), 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375.

## III

§ V of the pretrial order hereby is AMENDED by adding thereto:

(d) Under what circumstances likely to be present here would any body-search of the plaintiff have deprived her of her right to be free from unreasonable searches and seizures, Constitution, Fourth Amendment?

(Counsel shall submit a brief on this additional contested issue of law not later than 2 weeks prior to the time assigned for commencement herein of trial).

---

**3.** In view of this stipulation, § V(a) of the pretrial order was unnecessary and should not have been included therein.