**WOODBURY COUNTY ATTORNEY, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR WOODBURY COUNTY, Defendant.**

No. 89–0111.

Supreme Court of Iowa.

Nov. 22, 1989.

Mark A. Campbell, Asst. County Atty., for plaintiff.

William A. Shuminsky of Shuminsky, Shuminsky & Molstead, Sioux City, for real party in interest, Brandon Michael Straud.

Thomas J. Miller, Atty. Gen., and Gary L. Hayward, Asst. Atty. Gen., for amicus curiae Iowa Dept. of Public Safety.

Considered by SCHULTZ, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

In this original certiorari action we must determine whether the district court lawfully ordered the Woodbury county attorney to permit a civil litigant to inspect and copy certain information in the county attorney's criminal file. Finding the court had no authority to issue the order, we sustain the writ.

On March 6, 1988, an automobile accident in rural Woodbury county took the life of Jean Ann Zimmerman, the mother of Brandon Michael Straud. Within weeks, two actions were pending against Steven Lee Ford. The first was a civil action for damages, filed on behalf of Straud in the district court for Woodbury county, LAW 97398C. The second was a criminal action, charging Ford with vehicular homicide, filed in the district court for Woodbury county, CRIMINAL 42919. Only the record of the criminal action was certified to us for review.

Following the filing of the trial information on April 25, Michael K. Williams, a public defender, was appointed to represent Ford. Ford pled not guilty. We note that his attorney filed a motion for production of information regarding a blood sample taken from Ford and other items in the possession of the State. The State resisted on the grounds that discovery in criminal cases is governed by Iowa rules of criminal procedure and that rule 13 did not provide for production of the information requested. The motion for production was denied.

On September 29, Steven Ford died of a heart attack. The district court ordered

the action dismissed upon the county attorney's motion.

On November 9, over a month after the dismissal, William A. Shuminsky, attorney for Straud, filed a petition in the dismissed action. He requested the court order the Woodbury county attorney to produce its criminal file in the Ford case for inspection and duplication. The public defender resisted on the grounds that Straud lacked standing, that no controversy remained in the criminal action, and that Straud should have filed his motion in the civil action. The county attorney's resistance urged the information sought was protected by a qualified privilege as to communications made in official confidence under the provisions of Iowa Code section 622.11 (1987).

Straud's reply, among other things, asserted that he had standing and that Iowa Rule of Civil Procedure 131 authorized an independent action against a person not a party for production of documents and things. Straud also filed a motion to strike the public defender's resistance. He claimed that the attorney-client relationship between Ford and the public defender ceased at Ford's death, and that the public defender's acts after Ford's death were those of a mere interloper.

The district court ordered the county attorney to produce its file, with leave to claim specific exemptions. The court held that the rule of *State ex rel. Shanahan v. Iowa District Court*, 356 N.W.2d 523 (Iowa 1984), permitted production in this case. The court also held that Straud had standing, and that rule of civil procedure 131 and Iowa Code section 22.7 authorized an order to compel production.

Soon after, the county attorney claimed specific exemptions and invoked an executive privilege based on constitutional grounds. The court denied the exemptions claimed for all items except the minutes of testimony and the presentence investigation report. The court also denied the claim of executive privilege and ordered the county attorney to produce copies of nonexempt materials for delivery to the attorney for Straud.

The county attorney then filed a petition for writ of certiorari with this court. He urged that Iowa Code section 622.11 and executive privilege prohibit compelled production of the materials in the county attorney's criminal file. We granted the petition.

Before addressing the legal issues raised, we consider the procedural irregularities involved. Both Straud and the county attorney request we ignore any procedural irregularities and address the merits of the district court ruling. Only the attorney general in its amicus curiae brief challenges the jurisdiction and authority of the district court to order the production of material in the county attorney's investigative file.

■ Iowa has only one court of original jurisdiction, the district court. Iowa Code § 602.6101. However, the district court has separate dockets for civil, criminal, juvenile, probate, small claims, and simple misdemeanor cases. *In re Estate of Young*, 273 N.W.2d 388, 391 (Iowa 1978). Separate procedural rules and statutes limit and regulate the court's authority and confer special jurisdiction upon the court, all within the framework of a unified district court. *See In re Guardianship of Matejski*, 419 N.W.2d 576, 577–78 (Iowa 1988). Generally, the statutes and rules of procedure governing proceedings under one docket have no applicability to proceedings under another docket.

■ Consequently, the authority of the court depends upon the particular docket under which the case is proceeding. *Young*, 273 N.W.2d at 291–92. *See Davis v. Travelers Ins. Co.*, 196 N.W.2d 526, 528–29 (Iowa 1972); *Coulter v. Petersen*, 218 Iowa 512, 513, 255 N.W. 684, 685 (1934). For instance, if a case is proceeding under the probate docket, the district court has no authority to exercise the ordinary law and equity jurisdiction of the district court. *Young*, 273 N.W.2d at 392. Similarly, if a case is proceeding under the criminal docket, the district court has no authority to review agency action. *See State, Dep't of Pub. Safety v. Woodhall*, 376 N.W.2d 897, 898 (Iowa 1985).

■ In this case, the court was proceeding under the criminal docket in the case of *State v. Ford,* CRIMINAL 42919. The rules of criminal procedure governed. Iowa R.Crim.P. 1. When Ford died, the case was dismissed. Ford's death *abated* the action—rendered it nonexistent. *See State v. Kriechbaum,* 219 Iowa 457, 458, 465, 258 N.W. 110, 113, 96 A.L.R. 1317, 1318, 1322 (1934). The court had no authority to exercise the ordinary law and equity jurisdiction of the court while proceeding under the criminal docket.

■ We have held that, if the only irregularity in a proceeding is that it has been filed under the wrong docket, one or both of the parties must move that it be transferred to the proper docket, or the court must transfer it; otherwise, the case may proceed to conclusion where it is. *Young,* 273 N.W.2d at 392. *See In re Estate of Lenders,* 247 Iowa 1205, 1210, 78 N.W.2d 536, 539 (1956); *In re Estate of Allen,* 247 Iowa 618, 620, 75 N.W.2d 241, 242 (1956); *Williams v. Morrison,* 242 Iowa 1054, 1062, 48 N.W.2d 666, 670 (1951). Here, the irregularities go beyond the mere filing of an action under the wrong docket.

Even the rules of civil procedure do not provide for discovery against persons not parties in the civil action. The rules allow a *party* in a civil action to move for an order requiring another *party* to permit inspection of documents and things. Iowa R.Civ.P. 129 & 130.

These discovery rules find their counterpart in Federal Rule of Civil Procedure 34. As a matter of federal law, it is well settled that rule 34 provides the federal court with no authority to order a nonparty to produce documents or permit entry on land. *See, e.g., Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 416 (9th Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985); *Reilly Tar & Chem. Corp. v. Burlington N. R.R.Co.,* 589 F.Supp. 275, 278 (D.Minn. 1984); *Smith v. Parmley,* 558 F.Supp. 161, 162 (E.D.Tenn.1982); *Home Ins. Co. v. First Nat'l Bank of Rome,* 89 F.R.D. 485, 486–89 (N.D.Ga.1980). As to documents and things in the hands of a nonparty, a subpoena duces tecum is an appropriate discovery device. *Smith,* 558 F.Supp. at 162; *Home Ins. Co.,* 89 F.R.D. at 488. *See, e.g., Cumis Ins. Soc'y, Inc. v. South–Coast Bank,* 610 F.Supp. 193 (N.D.Ind.1985) (subpoena issued within civil action); C. Wright & A. Miller, *Federal Practice and Procedure* § 2209 (1970).

The procedural rules neither provide for nor preclude an independent action against a person not a party for production of documents and things. Iowa R.Civ.P. 131; Fed.R.Civ.P. 34(c). *See also Home Ins. Co.,* 89 F.R.D. at 487; *Notes of Advisory Committee on 1970 Amendment to Rules,* Fed.R.Civ.P. 34(c). Instead, a person seeking discovery of information in the hands of a nonparty must establish independent grounds for such an action. For example, where the documents are public records, an independent action may be commenced under Iowa's freedom of information act. *See* Iowa Code § 22.10.

Straud might have proceeded by way of a subpoena issued in the civil action or by way of an action to enforce rights under Iowa's freedom of information act. He did neither. We shall not attempt to reconstruct the procedural framework necessary to support a discussion of the merits. In the interest of preserving orderly procedure, we cannot allow a plaintiff in a civil action to maintain an independent, unauthorized discovery proceeding against a nonparty in an abated criminal action.

Costs of this proceeding shall be taxed against Straud. This proceeding is returned to the district court for entry of judgment upon the costs in cause number 97398C.

WRIT SUSTAINED.