STATE of Iowa, Appellee,

v.

Richard L. BRAUN, Appellant.

No. 89–1267.

Supreme Court of Iowa.

Sept. 19, 1990.

Robert W. Thompson of Thompson Law Office, Reinbeck, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Brent D. Heeren, County Atty., and Richard Vander Mey, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

LARSON, Justice.

Richard Braun pled guilty to charges of terrorism, Iowa Code § 708.6 (1987), and carrying a concealed weapon, Iowa Code § 724.4. He was sentenced to serve terms not to exceed five years on the terrorism charge and two years on the weapons charge. The five-year sentence was suspended, but he was ordered to serve the two-year sentence.

Approximately a year after sentencing, Braun requested that the district court provide him with a copy of the presentence investigation report which had been used at sentencing, pursuant to Iowa Code section 901.4 (1987). The court refused, and Braun appealed. We affirm.

Braun's application to examine the report stated:

> COMES NOW Robert W. Thompson, counsel for the Defendant, and hereby requests a copy of the presentence investigation [report] in this matter be released to this office for the following reasons:
>
> 1. That defendant, Richard L. Braun, would like a copy of the presentence investigation for his review.
>
> 2. That defendant is entitled to said report.
>
> WHEREFORE, defendant asks the Court to allow him possession of a copy of his presentence investigation report.

The application set out no reasons why the report was requested.

The State resisted the application on two grounds: (1) that the court lacked subject matter jurisdiction to hear the application because Braun's criminal case, in which the application was filed, was closed; and (2) Iowa Code section 901.4 does not mandate production of the presentence investigation report after sentencing.

## I. *The Procedural Issue.*

■ Braun was sentenced on June 23, 1988, and his time for appeal expired thirty days later. Iowa R.App.P. 101. He did not appeal. The case was therefore closed approximately eleven months before Braun filed his application. Braun did not request the presentence report as support for a petition for postconviction relief under Iowa Code chapter 663A, nor did he commence a separate action to obtain the report. *See Woodbury County Attorney v. Iowa Dist. Court,* 448 N.W.2d 20, 22 (Iowa 1989).

The *Woodbury County Attorney* case was quite similar. There a petition was filed in a criminal case to produce the court file for inspection and duplication for use in a related civil case. The criminal case had previously been dismissed, upon the county attorney's application, because the defendant had died. We held that dismissal of the criminal case rendered it "nonexistent" for purposes of subsequent orders for discovery and that the court had no authority to exercise its general legal or equitable power under the dismissed case.

The same principles apply here. A defendant cannot jump-start an expired case by simply filing an application for collateral relief. While the district court here did not dismiss the application on jurisdictional grounds, apparently electing to consider the application for release as an independent action, we believe it would have been justified in dismissing the petition on either jurisdictional grounds or the merits.

## II. *The Right to Production of the Report.*

■ Even if Braun's application in the criminal case were considered to be an application for production of the report through a separate action, *see Woodbury County Attorney,* 448 N.W.2d at 22, the court's decision was well within its discretion under Iowa Code section 901.4. That section provides:

> The presentence investigation report is confidential and the court shall provide safeguards to ensure its confidentiality, including but not limited to sealing the report, which may be opened only by further court order. At least three days prior to the date set for sentencing, the court shall make all of the presentence

investigation report available for inspection to the defendant's attorney, and to the attorney for the state. However, the court may conceal the identity of the person who provided confidential information. The report of a medical examination or psychological or psychiatric evaluation shall be made available to the attorney for the state and to the defendant upon request. The reports are part of the record but shall be sealed and opened only on order of the court. If the defendant is committed to the custody of the Iowa department of corrections and is not a class "A" felon, a copy of the presentence investigation report shall be forwarded to the director with the order of commitment by the clerk of the district court and to the board of parole at the time of commitment. The defendant or the defendant's attorney may file with the presentence investigation report, a denial or refutation of the allegations, or both, contained in the report. The denial or refutation shall be included in the report.

Section 789A.5 of the 1979 Code, which was the predecessor to present section 901.4, expressly provided that disclosure of the presentence investigation report was discretionary with the court, except as to reports of physical or mental examinations which were required to be made available upon request to the State and to the defendant.

Under the present statute, § 901.4, disclosure of the report is mandatory only to the extent that "[a]t least three days prior to the date set for sentencing, the court shall make all of the presentence investigation report available for inspection to the defendant's attorney, and to the attorney for the state." Under section 901.4, the presentence report is confidential after sentencing, and it "shall be sealed and opened only on order of the court." This language suggests that it is discretionary whether the report will be released and, we believe, necessarily requires some showing of need. In the present case, the defendant has not said that he needs the report for a postconviction relief case, or for any other reason. He only stated that he would "like" to have it.

The confidential nature of such a report is further reinforced by the order of this court of June 1, 1982, pertaining to disclosure of the contents of a presentence investigation report in connection with an appeal. That order stated:

Pursuant to section 901.4, the Code, this court by order may allow the confidential presentence investigation report to be opened.

In the interests of fair and efficient administration of justice, it is hereby ordered by this court en banc that upon the filing of a written stipulation to open the presentence investigation report signed by counsel for all the parties to a criminal appeal, counsel may open and examine the report for the purpose of raising or responding to an issue on appeal.

In the present case, the State has refused to stipulate for the release of the presentence investigation report.

The district court was clearly within the proper exercise of its discretion in refusing to furnish the report. Accordingly, we affirm.

AFFIRMED.

All justices concur except HARRIS, J., who concurs in Division II and the result.